## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **JOSEPH GUGLIELMO** | : | **Case No. 3:17-cv-6** |
| C/O Jennifer Branch | : | |
| Gerhardstein & Branch Co. LPA | : | |
| 441 Vine Street, Suite #3400 | : | |
| Cincinnati, OH 45202 | : | |
| | : | |
| | : | |
| Plaintiff, | : | **CIVIL COMPLAINT AND** |
| | : | **JURY DEMAND** |
| vs. | : | |
| | : | |
| | : | |
| **MONTGOMERY COUNTY, OHIO** | : | |
| **and THE MONTGOMERY COUNTY** | : | |
| **BOARD OF COMMISSIONERS** | : | |
| 451 W. Third St. | : | |
| Dayton, OH 45422 | : | |
| | : | |
| And | : | |
| | : | |
| **PHIL PLUMMER, SHERIFF** | : | |
| c/o Montgomery County Sheriff's Office | : | |
| 345 West Second Street | : | |
| Dayton, OH 45422 | : | |
| | : | |
| And | : | |
| | : | |
| **MATTHEW SNYDER** | : | |
| c/o Montgomery County Sheriff's Office | : | |
| 345 West Second Street | : | |
| Dayton, OH 45422 | : | |
| | : | |
| And | : | |
| | : | |
| **ZACHARY ZINK** | : | |
| c/o Montgomery County Sheriff's Office | : | |
| 345 West Second Street | : | |
| Dayton, OH 45422 | : | |
| | : | |
| And | : | |
| | : | |
| **MATTHEW SEARS** | : | |
| c/o Montgomery County Sheriff's Office | : | |

345 West Second Street    :
Dayton, OH 45422     :
            :
And          :
            :

**DAVID COHN**      :
c/o Montgomery County Sheriff's Office :
345 West Second Street    :
Dayton, OH 45422     :
            :
And          :
            :

**BRANDON ORT**     :
c/o Montgomery County Sheriff's Office :
345 West Second Street    :
Dayton, OH 45422     :
            :
And          :
            :

**BRADLEY COOPER**    :
c/o Montgomery County Sheriff's Office :
345 West Second Street    :
Dayton, OH 45422     :
            :

Defendants.

## I. PRELIMINARY STATEMENT

1. This is a civil rights action brought against Montgomery County Sheriff's

Officers who viciously beat Joseph Guglielmo while he was in custody at the

Montgomery County Jail. Defendants used excessive force on Mr. Guglielmo, who was

neither a risk to himself nor officers, and subsequently failed to protect Mr. Guglielmo

from being beaten. As a result of the Defendant's actions Mr. Guglielmo suffered from a

concussion and several bruises and wounds to his face, head, and body, which required

emergency medical treatment. The injury inflicted by the Defendant's actions also

caused Mr. Guglielmo to be in a coma for two months. He now is cognitively disabled

and wheelchair bound. He is unable to take care of himself and now resides at a nursing

and rehabilitation facility. Mr. Guglielmo seeks compensatory damages, punitive damages, and reasonable attorney fees for the injuries caused by brutal Defendants' use of excessive force.

## II. JURISDICTION

2. Jurisdiction over the federal civil rights claims is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4). Venue is proper in this Division.

## III. PARTIES

3. Plaintiff Joseph Guglielmo was at all times relevant to this action a resident of Montgomery County, Ohio, and a citizen of the State of Ohio. He now is a resident of Deltona, Florida in a nursing and rehabilitation facility.

4. Defendant Montgomery County is a unit of local government organized under the laws of the State of Ohio. The County is sued through the Montgomery County Ohio Board of Commissioners who are named only in their official capacity pursuant to O.R.C. § 305.12. Defendant Montgomery County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

5. Defendant Sheriff Phil Plummer is an Ohio law enforcement officer and was at all times relevant to this action duly elected Sheriff of Montgomery County, Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and in his official capacity. He was a county policy maker with respect to customs, practices, policies and procedures at the Montgomery County Jail.

6. Defendant Matthew Snyder was at all times relevant to this action a Montgomery County Sheriff's Corrections Officer employed by Montgomery County, Ohio.

3

Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and official capacities.

7.   Defendant Zachary Zink was at all times relevant to this action a Montgomery County Sheriff's Corrections Officer employed by Montgomery County, Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and official capacities.

8.   Defendant Matthew Sears was at all times relevant to this action a Montgomery County Sheriff's Deputy employed by Montgomery County, Ohio.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and official capacities.

9.   Defendant Brandon Ort was at all times relevant to this action a Montgomery County Sheriff's Corrections Officer employed by Montgomery County, Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and official capacities.

10. Defendant David Cohn was at all times relevant to this action a Montgomery County Sheriff's Corrections Officer employed by Montgomery County, Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and official capacities.

11. Defendant Bradley Cooper was at all times relevant to this action a Montgomery County Sheriff's Corrections Officer employed by Montgomery County, Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and official capacities.

## IV. STATEMENT OF FACTS

12.  Before he was brutally beaten at the Montgomery County Jail, on January 15, 2015, Joseph Guglielmo was temporarily residing at a homeless shelter in Dayton.  He suffered from post-traumatic syndrome disorder.  He was 57 years old at the time.  He was a veteran who served this this country in the Air Force as an operating room tech.

13. In the early morning hours of January 15, 2015, several Dayton Police Officers responded to the shelter for a disorderly subject complaint regarding Mr. Guglielmo.  Mr. Guglielmo had become agitated when shelter employees informed him that he could not enter a restricted area. As a result, an argument and struggle ensued between Mr. Guglielmo and the shelter security guard.  When the Dayton police arrived they arrested Mr. Guglielmo for resisting arrest, obstructing official business and aggravated menacing.  They also were involved in a struggle with Mr. Guglielmo when they attempted to arrest him.  Mr. Guglielmo subsequently plead guilty to aggravated menacing and the remainder of the charges were dismissed.

14.  A Dayton Police Officer transported Mr. Guglielmo to Grandview Hospital in Dayton where he was evaluated for injuries and released.  After his release from the hospital, he was then booked at the Montgomery County Jail in the early morning of January 15, 2015.

15. At the Montgomery County Jail, Mr. Guglielmo was under the supervision and control of Defendant Sheriff Plummer and the defendant Corrections Officer.

16. During third shift on January 15, Mr. Guglielmo was moved to Transport Staging Cell 114 at the jail.  After he was placed alone in Cell 114, Mr. Guglielmo began banging on the cell door demanding medication.

17. Just before midnight, Mr. Guglielmo banged on the door while Defendant Matthew Snyder was trying to conduct roll call.

18. Although he was banging on the door, at no time was Mr. Guglielmo a threat to himself or any officer.

19. Without justification, and purely to teach Mr. Guglielmo a lesson, at 11:36 p.m.., Defendant Zink unlocked Mr. Guglielmo's cell door and Defendants Snyder, Sears, Zink, and Ortstepped inside his cell.  Defendants Cohn and Cooper remained outside of the cell watching but not stopping the beat down.

20. Defendants stood so they could block the camera from recording what occurred in the cell.

21. Upon entering Mr. Guglielmo's cell, Defendant Snyder beat Guglielmo repeatedly and threw him against the concrete wall.

22. Defendant Snyder delivered several closed-fist strikes to Mr. Guglielmo's head, eye area, and abdomen.

23. Defendants Sears, Zink, Ort, Cohn, and Cooper had the opportunity to stop the excessive force by Defendant Snyder but did not take any actions to protect Mr. Guglielmo.

24. Defendant correction officers failed to follow Montgomery County jail policies.

25. At 11:45 p.m., Nurse Gregory Mills gave Guglielmo ice packs and suggested that he be placed in a male holding cell for closer observation by officers.  No further medical treatment was given.  At 11:57 p.m., Mr. Guglielmo was placed into Male Holding Cell 139.

26. At 12:06 a.m., while conducting a walkthrough of the first floor, Defendant Snyder saw Mr. Guglielmo's feet twitching while he appeared to be asleep. A medic was called, responded, but did not treat Guglielmo.

27. At 12:18 a.m., Defendants Cohn and Zink entered Cell 139 to move Mr. Guglielmo into a position where they could view him from the cell door window. Mr. Guglielmo was unresponsive. They called for medical care and Medic Saunders and Nurse Mills responded to the scene but could not revive Mr. Guglielmo.

28. The ambulance arrived at 12:34 a.m. to transport Mr. Guglielmo to Miami Valley Hospital where he was admitted and underwent surgery.

29. As a result of the Defendants' actions, Mr. Guglielmo suffered serious injuries to his neck and head. He suffered from a hematoma, approximately four week long coma, and is now cognitively disabled and wheelchair bound.

30. Mr. Guglielmo is unable to take care of himself and now resides at a nursing and rehabilitation facility.

31. Given the circumstances, Defendant Matthew Snyder used an unreasonable and excessive amount of force against Mr. Guglielmo and all Defendants failed to protect him from the force used by the other Defendants.

32. The policies, training, and supervision of Montgomery County and the Montgomery County Sheriff have allowed excessive force to be used in the Montgomery County Jail. There has been a pattern of correction officers using force on inmates at the Montgomery County jail.

33. Defendants' actions were done with intent, recklessness, deliberate indifference, malice, callousness, and were done wantonly and oppressively.

34. Defendants have each acted intentionally, recklessly, and with deliberate indifference to the federally protected rights of the Plaintiff. These actions reflect an arbitrary abuse of government power, which shocks the conscience.

35. At the time of Mr. Guglielmo's injury, the Montgomery County Jail had a pattern and practice of using excessive force against its pretrial detainees. This includes injuries to Amber Swink in 2015 when jail officers used OC spray on her while she was fully restrained in a restraint chair. This also includes Louis Aldini Jr., a military officer whom officers viciously beat and tased, and placed in a restraint chair, while he was in their custody in 2006. Jail officers also used excessive force in causing the death of Robert Andrew Richardson Sr. in 2012, whom, when ill in his cell and suffering from a medical emergency, officers allegedly pinned to the ground prone on his stomach and applied significant weight to his back to the point where he ceased breathing.

## VI. FIRSTCAUSE OF ACTION – 42 U.S.C. § 1983

36. Defendants, while acting under color of state law, deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

## X. CLAIM FOR RELIEF

WHEREFORE, Plaintiff demands that the court:

A. Award plaintiff compensatory damages in an amount to be determined at trial.

B. Award plaintiff punitive damages against the individual Defendants in an amount to be determined at trial.

C. Award plaintiff reasonable attorney fees and costs.

D. Order such other relief as the Court deems just and appropriate.

8

Respectfully submitted,

/s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
GERHARDSTEIN & BRANCH CO. LPA
441 Vine Street, Suite #3400
Cincinnati, Ohio45202
(513) 621-9100
(513) 345-5543 (fax)
jbranch@gbfirm.com
agerhardstein@gbfirm.com


/s/ Nathan J. Stuckey
Nathan J. Stuckey (0086789)
Trial Attorney for Plaintiff
Wright & Schulte, LLC
735 N. Limestone Street
Springfield, Ohio 45503
P: (937)346-8000
F: (937)717-0070
nstuckey@legalspringfield.com


## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

/s/ Jennifer L. Branch
Jennifer L. Branch