IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JOSEPH GUGLIELMO, | CASE NO. 3:17-cv-00006-TMR-SLO |
| Plaintiff, | District Judge Thomas M. Rose |
| | Magistrate Judge Sharon L. Ovington |
| v. | |
| MONTGOMERY COUNTY, OHIO and the MONTGOMERY COUNTY BOARD OF COMMISSIONERS, *et al*., | **STIPULATED PROTECTIVE ORDER PROHIBITING PUBLIC DISCLOSURE OF CONFIDENTIAL SECURITY INFORMATION RELATED TO THE OPERATIONS OF THE MONTGOMERY COUNTY JAIL** |
| Defendants. | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope of the Montgomery County Jail Tour.**

The following named attorneys representing Plaintiff Joseph Guglielmo will be attending the Montgomery County Jail Tour: **Adam Gerhardstein**, **Jennifer Branch, Doug Brannon, Nathan Stuckey, and Kraig Haplea (Mr. Haplea is a videographer for the Plaintiff). Nathan Lennon** will be attending the Jail Tour on behalf of the NaphCare Defendants. Plaintiff's attorneys, Plaintiff's photographer/videographer and NaphCare's representative named above will be shown the following areas of the Montgomery County Jail that relate to the incidents alleged in the Plaintiff's First Amended Complaint ("the Complaint"): **Transport Staging; Transport Staging Cell 114; First Floor Post-Book Male Holding; First Floor Post-Book Male Holding Cell 139; Dress In Hall; the Booking Sergeant's Office; and the First Floor Platform and the general population cell he was in, area where roll call was**.

Plaintiff's attorneys, Plaintiff's photographer/videographer and NaphCare counsel named

above will be permitted to take still photographs, video, measurements and/or draw illustrations of the areas of the Montgomery County Jail included on the Jail Tour listed above including the areas that can be seen from each of the areas on the tour: NO photographs or videos will be permitted of inmates, detainees, employees of the Montgomery County Sheriff's Office, contractors doing work within the Montgomery County Jail or any persons on the tour. No photographs are allowed in security control or any areas not specifically named. If the above-named individuals violate this protective order, Counsel for the Montgomery County Defendants reserve the right to cease photograph or video taking at any time of the tour. If Counsel for Montgomery County prevents the Plaintiffs' counsel from obtaining the photographs or video they believe are within the scope of this protective order and are discoverable under the Federal Rules of Civil Procedure, Plaintiffs' counsel reserve the right to move the Court to order they be allowed to take such photographs and video. **The Jail Tour will take place on November 10, 2017 at 9:30 a.m. and conclude no later than 10:30 a.m.**

In accordance with the rules of the Jail, no one is permitted to bring in a cell phone or a device that can receive or place calls, including two-way radios and smart watches or bring in any weapons or contraband to the jail. Still and video cameras, a tripod, electrical cord and battery, and tape measure are permissible to be brought in for the purpose of this tour. Montgomery County Sheriff's Office Employees shall make the final determination on what is permitted on the Montgomery County Jail Tour. Every person must sign-in for the jail tour, and go through the metal detectors.

One or more of the Montgomery County Defendants' attorneys in this matter will be in attendance for the entirety of the Montgomery County Jail Tour. Employee or employees of the Montgomery County Sheriff's Office will be present for the entirety of the Montgomery County

Jail Tour to escort everyone through the Jail. All pictures, measurements, and/or illustrations taken or created on the Montgomery County Jail Tour or subsequent to the Montgomery County Jail Tour shall be subject to this Order.

**2. Scope of the Stipulated Protective Order.** Any photographs, diagrams, depictions or floorplans of the layout of the Montgomery County Jail, measurements and recorded video or audio obtained during the course of any inspection of the correctional facility involved in this suit, (hereinafter collectively "tour documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**3. Form and Timing of Designation.** A party may designate tour documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Tour documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. It is understood by all parties that all information gained by any individual granted access to the correctional facility for purposes of a Rule 34 discovery process relative to this suit, and all notes

and documentation including photographs, drawings and illustrations, measurements and/or recordings, is protected by this Order without a stamped designation.

**4. Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER** are subject to all of the disclosure rules, filing rules, production rules, and destruction rules contained within the Protective Order already entered in the above captioned case (Doc. 13).

*So Ordered.*

Date: November 13, 2017

*s/Sharon L. Ovington*
Sharon L. Ovington
United State Magistrate Judge

**Agreed to by:**

**/s/ Adam G. Gerhardstein via electronic mail authorization**
Adam Gerhardstein (0091738)
Jennifer Branch (0038893)
Nathan Stuckey (0086789)
Douglas Brannon (0076603)
Attorneys for Plaintiff

**/s/ Benjamin A. Mazer**
Benjamin A. Mazer (0087756)
Anne M. Jagielski (0093047)
Assistant Prosecuting Attorneys
Montgomery County Prosecutor's Office
Attorneys for Montgomery County Defendants

**/s/Carrie M. Starts via electronic mail authorization**
Robert W. Hojnoski (0070062)
Carrie Masters Starts (0083922)
Nathan A. Lennon (0091743)
525 Vine St., Suite 1700
Cincinnati, OH 45202
Attorneys for Defendants Naphcare, Inc., Greg Mills LN, Jack Saunders EMT and Brenda Garrett Ellis, M.D.

**WE SO MOVE/STIPULATE and agree to abide by the terms of this Order.**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JOSEPH GUGLIELMO, | ) CASE NO. 3:17-cv-00006-TMR-SLO |
| | ) |
| Plaintiff, | ) District Judge Thomas M. Rose |
| | ) Magistrate Judge Sharon L. Ovington |
| v. | ) |
| | ) |
| MONTGOMERY COUNTY, OHIO and the | ) |
| MONTGOMERY COUNTY BOARD OF | ) **ACKNOWLEDGMENT AND** |
| COMMISSIONERS, et al., | ) **AGREEMENT TO BE BOUND** |
| | ) |
| Defendants. | ) |
| | ) |

The undersigned hereby acknowledges that he/she has read the Protective Order dated November 9, 2017, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

**Agreed to by:**

**/s/ Adam G. Gerhardstein via electronic mail authorization**
Adam Gerhardstein (0091738)
Jennifer Branch (0038893)
Nathan Stuckey (0086789)
Douglas Brannon (0076603)
Attorneys for Plaintiff

**/s/ Benjamin A. Mazer**
Benjamin A. Mazer (0087756)
Anne M. Jagielski (0093047)
Assistant Prosecuting Attorneys
Montgomery County Prosecutor's Office
Attorneys for Montgomery County Defendants

**/s/Carrie M. Starts via electronic mail authorization**
Robert W. Hojnoski (0070062)
Carrie Masters Starts (0083922)
Nathan A. Lennon (0091743)
525 Vine St., Suite 1700
Cincinnati, OH 45202
Attorneys for Defendants Naphcare, Inc., Greg Mills
LN, Jack Saunders EMT and Brenda Garrett Ellis,
M.D.

## CERTIFICATE OF SERVICE

    I hereby certify that on November 13, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                                 /s/Benjamin A. Mazer
                                                 Benjamin A. Mazer (0087756)