IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOSEPH GUGLIELMO, | ) | CASE NO. 3:17-cv-00006-TMR-SLO |
| | ) | |
| Plaintiff, | ) | JUDGE THOMAS M. ROSE |
| | ) | Magistrate Judge Sharon L. Ovington |
| v. | ) | |
| | ) | |
| MONTGOMERY COUNTY, OHIO and the | ) | **DEFENDANTS' MOTION IN LIMINE** |
| MONTGOMERY COUNTY BOARD OF | ) | **TO EXCLUDE EVIDENCE OF** |
| COMMISSIONERS, et al., | ) | **SUBSEQUENT REMEDIAL** |
| | ) | **MEASURES** |
| Defendants. | ) | |
| | ) | |

Defendants, Montgomery County, Ohio and the Montgomery County Board of Commissioners, Phil Plummer, Matthew Snyder, Zachary Zink, Matthew Sears, David Cohn, Brandon Ort, and Benjamin Cooper, by and through counsel, hereby move this honorable Court for an order in limine to exclude any reference to subsequent remedial measures taken by the Defendants.  It is anticipated that the Plaintiff will attempt to introduce evidence regarding Defendant Snyder's voluntary demotion and departure from the jail to indicate that Defendant Snyder was negligent or engaged in culpable conduct through the use of force on Mr. Guglielmo.  It is believed that the Plaintiff will also attempt to introduce a letter by the County Commissioners to the Department of Justice as evidence that the jail, and by extension the County, was negligent and knew of its negligence in allowing improper uses of force against inmates in the Montgomery County Jail, including Mr. Guglielmo.  Both pieces of evidence are inadmissible.

If Plaintiff presents evidence of Defendant Snyder's demotion or removal from the jail as a consequence or to imply it was a consequence of the use of force on Mr. Guglielmo then it is a subsequent remedial measure.  Evid. R. 407 incorporates the conventional doctrine which excludes evidence of subsequent remedial measures as proof of an admission of fault.  Pursuant to Evid. R. 407, "when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measure is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction."  On February 3, 2015, three weeks after the use of force, Defendant Snyder resigned his sergeant's commission and requested that he be considered for a position outside of the jail.  Any suggestion that Defendant Snyder's departure from the jail or his demotion to deputy is correlated to the use of force on Mr. Guglielmo would be to indicate that Defendant Snyder engaged in culpable conduct or was otherwise negligent and would therefore be inadmissible.

On February 7, 2017, the Montgomery County Commissioners sent a letter to the Attorney General's Office seeking an investigation of the jail for "potential civil rights violations and allegations of improper use of force against inmates" due to "the filing of multiple civil rights lawsuit and complaints."  Mr. Guglielmo's original complaint in this case was filed one month before the Commissioners requested the investigation.  This letter falls squarely within the prohibited evidence of Evid. R. 407.  Although the Department of Justice has not investigated the Montgomery County Jail, the Commissioners' attempt to bring federal oversight into the jail to review uses of force can only be referenced as an indication of negligence, culpable conduct or a need for warning or instruction.  Any reference to a request for a federal investigation should be barred from evidence as a subsequent remedial measure.

For the above reasons, Defendants respectfully request that this Court bar any reference to Defendant Snyder's voluntary demotion or departure from the jail after the use of force as evidence that Defendant Snyder was negligent or had engaged in culpable conduct.  Defendants likewise request that this Court bar any reference to the County Commissioners' request for federal review of the jail.  Both of these are subsequent remedial measures that are not appropriate as evidence of wrongdoing.

    Respectfully submitted,

    MARSHALL DENNEHEY WARNER
    COLEMAN & GOGGIN

By:   */s/ Jillian L. Dinehart*
KEITH HANSBROUGH (0072671)
JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone:  (216) 912-3809
Fax:  (216) 344-9006
Email: kkhansbrough@mdwcg.com
       jldinehart@mdwcg.com
*Counsel for Defendants, Montgomery County, Ohio and the Montgomery County Board of Commissioners, Phil Plummer, Matthew Snyder, Zachary Zink, Matthew Sears, David Cohn, Brandon Ort, and Benjamin Cooper*

3

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 6, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                      MARSHALL DENNEHEY WARNER
                                      COLEMAN & GOGGIN

                                      By: */s/ Jillian L. Dinehart*
                                      JILLIAN L. DINEHART (0086993)
                                      *Counsel for Defendants, Montgomery County, Ohio and the Montgomery County Board of Commissioners, Phil Plummer, Matthew Snyder, Zachary Zink, Matthew Sears, David Cohn, Brandon Ort, and Benjamin Cooper*

4