IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOSEPH GUGLIELMO, | ) | CASE NO. 3:17-cv-00006-TMR-SLO |
| | ) | |
| Plaintiff, | ) | JUDGE THOMAS M. ROSE |
| | ) | Magistrate Judge Sharon L. Ovington |
| v. | ) | |
| | ) | **DEFENDANTS' MOTION IN LIMINE** |
| MONTGOMERY COUNTY, OHIO and the | ) | **TO EXCLUDE EVIDENCE,** |
| MONTGOMERY COUNTY BOARD OF | ) | **TESTIMONY OR STATEMENT** |
| COMMISSIONERS, et al., | ) | **REFERENCING OR IMPLYING THAT** |
| | ) | **MONTGOMERY COUNTY MIGHT** |
| Defendants. | ) | **INDEMNIFY INDIVIDUAL** |
| | ) | **DEFENDANTS** |
| | ) | |

Defendants, Montgomery County, Ohio and the Montgomery County Board of Commissioners, Sherriff Phil Plummer, Matthew Snyder, Zachary Zink, Matthew Sears, David Cohn, Brandon Ort, and Benjamin Cooper, by and through counsel, hereby move this Court for an order in *limine* prohibiting Plaintiff from presenting any evidence, testimony, or statements referencing or implying that Montgomery County might indemnify the individual Defendants.

The introduction of this information would be inappropriate, irrelevant, and highly prejudicial to the Defendants. If jurors heard statements that Montgomery County may indemnify the officers the jury may be more willing to award damages. The evidence of a government entity's indemnification agreement has no relevance to the issue of compensatory damages, and has no relevance to the issue of punitive damages because it is not probative of the Defendants' personal net worth. Accordingly, this evidence should be excluded under Evid. R. 402 as irrelevant. *Shoultes v. Collins*, 720 F.2d 679, 1983 U.S. App. Lexis 12550 (6th Cir.1983).

The Sixth Circuit held in *Shoultes* that evidence of an indemnification agreement between the defendants was prejudicial because "by repeatedly referring to the presence of indemnification, plaintiff's counsel clearly left the impression that any damage would, in the last instance, fall upon the municipality (with its unlimited taxing authority) rather than the defendant." Id. at *4

In the event that this evidence were to be introduced in support of Defendants' negligence or other wrongdoing, Evid. R. 411 would also preclude its introduction.

For the foregoing reasons, Defendants respectfully request an order from the Court prohibiting Plaintiff from presenting any evidence, testimony, or statements referencing or implying that Montgomery County might indemnify the individual Defendants.

        Respectfully submitted,

        MARSHALL DENNEHEY WARNER
        COLEMAN & GOGGIN

        By: */s/ Jillian L. Dinehart*
        KEITH HANSBROUGH (0072671)
        JILLIAN L. DINEHART (0086993)
        127 Public Square, Suite 3510
        Cleveland, Ohio 44114
        Phone:  (216) 912-3809
        Fax:  (216) 344-9006
        Email: kkhansbrough@mdwcg.com
                  jldinehart@mdwcg.com
        *Counsel for Defendants, Montgomery County, Ohio and the Montgomery County Board of Commissioners, Phil Plummer, Matthew Snyder, Zachary Zink, Matthew Sears, David Cohn, Brandon Ort, and Benjamin Cooper*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 6, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: */s/ Jillian L. Dinehart*
JILLIAN L. DINEHART (0086993)
*Counsel for Defendants, Montgomery County, Ohio
and the Montgomery County Board of
Commissioners, Phil Plummer, Matthew Snyder,
Zachary Zink, Matthew Sears, David Cohn,
Brandon Ort, and Benjamin Cooper*
