IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JOSEPH GUGLIELMO, | ) CASE NO. 3:17-cv-00006-TMR-SLO |
| | ) |
| Plaintiff, | ) JUDGE THOMAS M. ROSE |
| | ) Magistrate Judge Sharon L. Ovington |
| v. | ) |
| | ) |
| MONTGOMERY COUNTY, OHIO and the | ) |
| MONTGOMERY COUNTY BOARD OF | ) **DEFENDANTS' MOTION IN LIMINE** |
| COMMISSIONERS, et al., | ) **TO EXCLUDE EVIDENCE** |
| | ) **REGARDING VIOLATIONS OF** |
| Defendants. | ) **INTERNAL POLICIES OF THE** |
| | ) **MONTGOMERY COUNTY SHERIFF** |

Defendants, Montgomery County, Ohio and the Montgomery County Board of Commissioners, Sherriff Phil Plummer, Matthew Snyder, Zachary Zink, Matthew Sears, David Cohn, Brandon Ort, and Benjamin Cooper, by and through counsel, hereby move this Court pursuant to Fed. Evid. R. 401, 403 and 404(b) for an order in *limine* preventing Plaintiff from introducing into evidence any and all testimony or exhibits relating or discussing, in any way, violations of the internal policies and orders of the Montgomery County Sheriff's Department or prior civil lawsuits against the Defendants.  Violations of departmental policies are not relevant to the issues raised in Plaintiff's Complaint.  Further, any reference to violations of Montgomery County Sheriff's Department's internal policies would be unduly prejudicial to the Defendant officers.  This is likewise true of previous litigation against these Defendants.  Plaintiffs cannot present any evidence of these topics with sufficient support to establish a relevant "prior bad act"

and therefore any mention of such items would be unduly prejudicial to the defense of this matter.  The reasons for this Motion are more fully set forth in the attached memorandum.

        Respectfully submitted,

        MARSHALL DENNEHEY WARNER
        COLEMAN & GOGGIN

        By: */s/ Jillian L. Dinehart*
        KEITH HANSBROUGH (0072671)
        JILLIAN L. DINEHART (0086993)
        127 Public Square, Suite 3510
        Cleveland, Ohio 44114
        Phone:  (216) 912-3809
        Fax:  (216) 344-9006
        Email: kkhansbrough@mdwcg.com
                jldinehart@mdwcg.com
*Counsel for Defendants, Montgomery County, Ohio and the Montgomery County Board of Commissioners, Phil Plummer, Matthew Snyder, Zachary Zink, Matthew Sears, David Cohn, Brandon Ort, and Benjamin Cooper*

**MEMORANDUM IN SUPPORT**

I.      **INTRODUCTION**

Defendants anticipate Plaintiff will use the internal policies of the Montgomery County Sheriff's Department as evidence of constitutional violations by Defendants. It is well-established, however, that an alleged violation of general police orders or departmental policies does not rise to a constitutional violation. *Smith v. Freland*, 954 F.2d 343, 347 (6th Cir. 1992). The issue before the Court is whether these Defendants committed constitutional violations, not whether those officers should have been or were disciplined. In the same vein, Defendants anticipate that the Plaintiff may pursue admission of evidence regarding prior lawsuits against the Defendants. Given that Plaintiff cannot establish a constitutional violation on the basis of any of these complaints, violations, or investigations into alleged violations, any reference to such would be unduly prejudicial and misleading for the jury. Accordingly, this evidence should be excluded pursuant to Evidence Rules 401, 403, and 404(b).

II.     **LAW AND ARGUMENT**

The Sixth Circuit has held that "a violation of an internal departmental policy or police order is not sufficient in and of itself to demonstrate a constitutional violation." *Smith*, 954 F.2d at 347. This is true because the "objective reasonableness" of a police officer's actions is based upon a *constitutional* analysis of "reasonableness" under the Fourth Amendment, not upon an analysis of internal policies. *Graham v. Connor,* 490 U.S. 386, 394-396 (1989). In that regard, the question of whether an officer violated a constitutional rights or is entitled to qualified immunity does not turn on whether the officer violated "proper police procedure" or was "negligent" in the use of deadly force. *See Bell v. City of East Cleveland*, 125 F.3d 855, 1997 WL 640116 (6th Cir. Oct. 14, 1997).

The Sixth Circuit's rulings recognize that a county can choose to hold its police officers to a higher standard than that required by the U.S. Constitution. While Montgomery County has not determined that the Defendants violated any departmental policies or procedures in the use of force in this case, it would be unfairly prejudicial to allow Plaintiff to suggest that these officers acted constitutionally unreasonable based upon alleged violations of a departmental policy or procedure, or upon the department's decision to pursue investigation. Otherwise, it would encourage every police department to adopt the least restrictive policies possible.

Likewise, evidence of other civil litigation or prior departmental violations brought against these Defendants is inadmissible because it would only be offered for the purpose of prejudicing the jury by attempting to establish the alleged bad character of the Defendants and to prove that they likely acted in the same manner as illustrated in prior lawsuits, or even in departmental investigations as the Defendants did when force was used on Mr. Guglielmo. This would be improper evidence pursuant to Evid. R. 404(b).

Evid. R. 404(b) prohibits using evidence of a crime, wrong, or other act to prove a person's character in order to show that a particular occasion the person acted in accordance with their character. Although the evidence cannot be used to prove consistency with prior conduct, R. 404 does not preclude admission for proof of motive, or opportunity. In those instances, the Court must look to whether the evidence is more prejudicial than probative. Evid. R. 404(b), Notes of Advisory Committee. To determine if evidence is unfairly prejudicial under Civ. R. 404(b) the Court must consider whether 1) there is sufficient evidence the prior act occurred; 2) there is a proper material purpose for the evidence; and 3) the evidence is more prejudicial than probative. *Edgerson v. Matatall*, E.D.Mich. No. 10-14954, 2014 U.S. Dist. LEXIS 4967, at *23 (Jan. 15, 2014). Litigation resolved by means other than a jury finding or consent decree cannot

be resolved with any certainty that the alleged prior act actually occurred. There is no proper purpose to admitting this evidence. If the purpose is to indicate a pattern of practice or an intent to harm the public, it is not a proper material purpose. Id. at *23-24. The court also found that such evidence would be more prejudicial than probative. Id. The unfair prejudice as set out above, and the absolute ban on character evidence to prove conformity provided by Evid. R. 404(b) are sufficient to exclude evidence of violations of internal policy or lawsuits.

For these reasons, the Court should bar Plaintiff from referring to or introducing evidence of violations of Montgomery County's departmental policies or other internal rules, or prior litigation against the Defendants as evidence of a violation of Plaintiff's constitutional rights. Whether an officer followed or violated police department policy and guidelines or has previously been sued is not relevant to determining a constitutional violation under *Graham*. Moreover, it is not proper prior bad act evidence. Accordingly, any references or exhibits regarding violations of Montgomery County Sheriff's Department's general orders and policies or prior litigation are not admissible under Evidence Rule 401 and would be unfairly prejudicial and likely confuse the jury and therefore be excluded by Evidence Rule 403 and 404(b).

**III.   CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an order barring Plaintiff from making any reference to violations of the Montgomery County Sheriff's Department's internal orders, policies, and training on those orders and policies, as well as prior litigation against these Defendants.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: /s/ *Jillian L. Dinehart*
KEITH HANSBROUGH (0072671)
JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone:  (216) 912-3809
Fax:  (216) 344-9006
Email: kkhansbrough@mdwcg.com
          jldinehart@mdwcg.com
*Counsel for Defendants, Montgomery County, Ohio and the Montgomery County Board of Commissioners, Phil Plummer, Matthew Snyder, Zachary Zink, Matthew Sears, David Cohn, Brandon Ort, and Benjamin Cooper*

6

## CERTIFICATE OF SERVICE

    I hereby certify that on May 6, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                      MARSHALL DENNEHEY WARNER
                                      COLEMAN & GOGGIN

                                      By: */s/ Jillian L. Dinehart*
                                      JILLIAN L. DINEHART (0086993)
                                      *Counsel for Defendants, Montgomery County, Ohio and the Montgomery County Board of Commissioners, Phil Plummer, Matthew Snyder, Zachary Zink, Matthew Sears, David Cohn, Brandon Ort, and Benjamin Cooper*