# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## AT DAYTON

| | | |
|---|---|---|
| JOSEPH GUGLIELMO | : | Case No. 3:17-cv-6 |
| Plaintiff, | : | |
| | : | Judge Thomas M. Rose |
| vs. | : | |
| MONTGOMERY COUNTY, OHIO and THE MONTGOMERY COUNTY BOARD OF COMMISSIONERS, et al., | : | **PROPOSED JOINT FINAL PRETRIAL ORDER** |
| Defendants. | : | |

This action came before the Court at a final pretrial conference held on May 16, 2019, at 1:30 p.m., pursuant to Rule 16, Federal Rules of Civil Procedure.

### I. APPEARANCES:

For Plaintiff:  Jennifer L. Branch, Douglas Brannon, Nathan Stuckey

For Defendants:  Keith Hansbrough; Jillian Dinehart

### II. NATURE OF ACTION AND JURISDICTION:

A. This is an action for compensatory and punitive damages.

B. The jurisdiction of the Court is invoked under Title 42 United States Code, Section 1983.

C. The subject matter jurisdiction of the Court is not disputed.

### III. TRIAL INFORMATION:

A. The estimated length of trial is 12 days.

B. Trial to Jury has been set for June 17, 2019.

### IV. AGREED STATEMENTS AND LISTS:

1

### A. General Nature of the Claims of the Parties:

    (1) PLAINTIFF CLAIMS:

Plaintiff asserts in Count 1 a right of recovery for defendants' violations of his Constitutional right to be free from excessive force under the Fourteenth Amendment. He claims the following violations:

- Defendant Matthew Snyder used excessive force and proximately caused serious debilitating injuries
- Defendants Zachary Zink, Brandon Ort, and Matthew Sears failed to intervene and protect Plaintiff from Defendant Snyder's use of excessive force consequently causing his injuries
- Defendant Matthew Snyder acted with deliberate indifference to Plaintiff's serious medical needs
- Defendant Montgomery County caused Plaintiff's injuries by its custom and practice of permitting excessive force to be used in the jail, and by ratifying Defendant Snyder's use of excessive force.

Plaintiff asserts a right to punitive damages against the individual defendants in this action (not Montgomery County).

Plaintiff asserts a right to attorney fees and costs under 42 U.S.C. § 1988 provided he is the prevailing party.

    (2) DEFENDANTS CLAIMS:

*Defendant denies liability and damages as asserted below:*
- Defendant Snyder's use of force was not excessive
- Defendant Snyder acted in self-defense
- Defendant Snyder acted in good faith
- Defendants Zink, Ort, and Sears did not have the opportunity to intervene even if there was a constitutional violation
- Defendant Snyder sought medical assistance for Plaintiff and therefore was not deliberately indifferent
- Defendant Snyder could not have appreciated that Mr. Guglielmo had a serious injury after the use of force
- Defendant Montgomery County does not have a custom or practice of permitting excessive force and did not ratify any use of excessive force

*Defendant as an affirmative defense asserts:*
- Defendants are entitled to qualified immunity
- Defendants were not the proximate cause of the injury
- Defendants dispute Plaintiff's alleged damages
- Defendants did not commit any constitutional violation
- Defendant Snyder acted in self-defense

- Defendant Snyder acted in good faith

**B. Uncontroverted Facts**

The following facts are established by admissions in the pleadings or by stipulations of counsel:

(1) On January 15, 2015, the date Mr. Guglielmo was booked into the Montgomery County Jail, Matthew Snyder was a sergeant in the Montgomery County Jail.
(2) He was the first shift booking sergeant, meaning he supervised the first floor of the jail from 11:30 p.m. until 7:30 a.m.
(3) On January 15, 2015, at approximately 2:30 a.m., Plaintiff Joseph Guglielmo was booked into the Montgomery County Jail.
(4) Mr. Guglielmo was moved to general population later that morning.
(5) That night, while in general population, Mr. Guglielmo was being disruptive.
(6) Jail personnel decided to move Mr. Guglielmo from general population to a cell in the area of the jail called transport staging.
(7) Transport staging is on the first floor. Transport staging is used to temporarily hold inmates being transported out of the jail, but it also has other uses, including temporarily holding inmates who cause a disturbance in general population.
(8) Mr. Guglielmo was placed in transport staging cell number 114 at approximately 10:30 p.m. on January 15, 2015. He was the only inmate in the cell.
(9) At approximately 11:30 p.m., Sgt. Snyder was leading roll call on an area of the first floor of the jail called the platform.
(10) While Sgt. Snyder was leading roll call, Mr. Guglielmo was banging on his cell door.
(11) After roll call, Sgt. Snyder asked five officers to accompany him to Mr. Guglielmo's cell.
(12) Those officers were Defendants Zachary Zink, Brandon Ort, and Matthew Sears, and non-party officers Kyle Chmiel and David Cohn.
(13) Before arriving at the cell, Sgt. Snyder learned from officers who had interacted with Mr. Guglielmo earlier that Mr. Guglielmo was requesting medication.
(14) When the officers arrived at Mr. Guglielmo's cell, Sgt. Snyder told him to stop banging, and Mr. Guglielmo stopped banging.
(15) Sgt. Snyder then ordered Mr. Guglielmo to back away from the door and Mr. Guglielmo backed away from the door.
(16) Then Sgt. Snyder ordered Officer Zink to open the cell door, and Officer Zink opened the door.
(17) Sgt. Snyder entered the cell along with Officers Zink and Ort.
(18) Once inside the cell, Sgt. Snyder told Mr. Guglielmo to sit on a bench in the cell and Mr. Guglielmo sat on the bench.
(19) Sgt. Snyder and Mr. Guglielmo spoke to each other during which time Mr. Guglielmo expressed that he would like his prescription medicine and to go to the V.A. Medical Center.
(20) During their discussion, Sgt. Snyder used the word faggot.
(21) Mr. Guglielmo stood up from his seat and said, "I'm not a faggot."
(22) Sgt. Snyder used force on Mr. Guglielmo.
(23) During the use of force, Sgt. Snyder struck Mr. Guglielmo in the body and head.

3

(24) After the use of force Sgt. Snyder, and officers Zink, Ort, and Sears left the cell.
(25) Mr. Guglielmo has no recollection of the events that occurred in the cell.
(26) When the officers left the cell, Mr. Guglielmo's face was swollen, he was bleeding, and he was crying.
(27) Mr. Guglielmo did not injure Sgt. Snyder prior to or during the use of force.
(28) Mr. Guglielmo was seen by medical staff after the use of force.
(29) Mr. Guglielmo was moved by medical staff to an observation cell where he could be watched more closely. Approximately 40 minutes after the use of force, corrections officers entered Mr. Guglielmo's cell and he was unresponsive.
(30) Mr. Guglielmo has no memory or recollection of the medical care he received in the Montgomery County Jail.
(31) An emergency squad was summoned, and Mr. Guglielmo was taken to the hospital.
(32) Upon arrival at the hospital, Mr. Guglielmo was diagnosed with a large subdural hematoma.  He underwent an emergency craniotomy.
(33) Mr. Guglielmo also had multiple facial fractures on the left side of his face, which were partially repaired surgically.
(34) Mr. Guglielmo remained comatose for weeks.
(35) Mr. Guglielmo and has no memories from when he was booked into the jail until he woke up from his coma.
(36) Mr. Guglielmo is now wheelchair bound.  He resides in a nursing home in Florida, close to where his mother and sister live.

**C. Issues of Fact and Law**

CONTESTED ISSUES OF FACT: The contested issues of fact remaining for decision are:

(1) The severity of Sgt. Snyder's use of force.
(2) What Mr. Guglielmo did and how he was positioned during the use of force.
(3) Whether Mr. Guglielmo posed a threat to Sgt. Snyder.
(4) Whether any threat posed by Mr. Guglielmo was significant enough to justify blows to his head.
(5) Whether officers Zink, Ort, or Sears had an opportunity to intervene and stop the use of force.
(6) The number of blows Sgt. Snyder used on Mr. Guglielmo.
(7) The timeframe during which the use of force occurred.
(8) Whether Sgt. Snyder knew Mr. Guglielmo was injured and /or seriously injured because of the use of force.
(9) When and how Sgt. Snyder notified medical staff about Mr. Guglielmo's need for medical care.
(10) Whether Sgt. Snyder delayed and/or intentionally delayed the delivery of medical care to Mr. Guglielmo by not telling medical staff about the use of force.
(11) Whether Sgt. Snyder used excessive force on Mr. Guglielmo.
(12) Whether Mr. Guglielmo was voluntarily banging his own head on the cell door or on items within the cell.
(13) Whether Sgt. Snyder had a pattern of using excessive force on inmates only because they were banging on their cell doors.

4

(14) Whether that pattern was known and permitted by Montgomery County.
(15) Whether Montgomery County had a custom and practice of allowing excessive force to be used in the Montgomery County Jail.
(16) Whether Montgomery County ratified Sgt. Snyder's use of excessive force.
(17) Mr. Guglielmo's current physical and mental limitations and damages.
(18) The cause of Mr. Guglielmo's damages.
(19) The cost of Mr. Guglielmo's ongoing medical needs as a result of his injuries.

CONTESTED ISSUES OF LAW: The parties disagree on whether the following facts should be presented to the jury or excluded. Motions in limine on these issues may be filed:

(1) Testimony that Sgt. Snyder threatened to beat Mr. Guglielmo's ass prior to going to his cell.
(2) Argument that the inference can be drawn that Sgt. Snyder called Mr. Guglielmo a faggot prior to the use of force.
(3) The injuries Mr. Guglielmo suffered during his arrest.
(4) Testimony that Mr. Guglielmo used the word nigger at the homeless shelter prior to his arrest.
(5) Argument that Mr. Guglielmo voluntarily banged his head on the cell door or items within the cell.

### D. Witnesses

(1) Plaintiff will call or will have available for testimony at trial those witnesses listed in Appendix A hereof.
(2) Defendant will call or will have available for testimony at trial those Witnesses listed on Appendix B hereof.
(3) The parties reserve the right to call rebuttal witnesses whose testimony could not reasonably be anticipated without prior notice to opposing counsel.

### E. Expert Witnesses

Parties are limited to the following number of expert witnesses, including treating physicians, whose names have been disclosed and reports furnished to the other side:

Plaintiff: 10
Defendants*:* 6

### F. Exhibits

The parties will offer as exhibits those items listed herein and numbered with Arabic numerals as follows:
(1) Joint Exhibits -- Appendix D (marked "JX _____")
(2) Plaintiff Exhibits Appendix E (marked "PX _____")
(3) Defendant Exhibits Appendix F (marked "DX_____")

**INSTRUCTIONS:**
The above exhibits will be deposited with the Court's Deputy Clerk not later than 4:00 p.m. on the third working day prior to trial.  The parties will exchange exhibits on or before June 10, 2019.
See General Order Number One section on preparation of exhibits.

### G. Depositions

The parties anticipate that some expert and medical witnesses may want to testify by video or remotely.  The parties would like to know the Court's practice concerning remote and video testimony.

### H. Discovery

Discovery has been completed.

### I. Pending Motions

The following motions are pending at this time:

RE 123 - Defendants' Motion for Summary Judgment
RE 139 – Defense Motion in Limine to Exclude Testimony and Report of Michael Berg
RE 140 – Defense Motion in Limine to Exclude Testimony and Report of Alan Waldman
RE 141 – Defense Motion in Limine to Exclude Testimony and Report of Paul Gabriel

Motions in limine may be filed contemporaneously with this final pretrial order.

### J. Miscellaneous orders

The parties must submit an agreed statement of the case not later than one week before trial.

All attorneys who will participate in trying the case are required to be present at the final pretrial conference.  No attorney who has not participated in the final pretrial conference may participate in the trial without Court permission.

## V. MODIFICATION

This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel, or on motion of the Court.

## VI. SETTLEMENT EFFORTS

The parties agreed to schedule a private mediation in August 2017, at expense to each party. Plaintiff made a settlement demand prior to the mediation in July 2017.  The Defendants rescheduled the mediation to October 2017 but then canceled the mediation the week prior so

discovery could be conducted first.  After fact discovery closed, in April 2018, Plaintiff issued an updated demand.  After summary judgment was briefed and the Motion to Extend the Deposition Cut-Off was denied, Defendants made an offer.  Plaintiffs have not responded.  A private mediation is scheduled for May 10, 2019.

### VII.     TRIAL TO A JURY

*The parties will submit proposed jury instructions on or before June 10, 2019 as required by General Order Number One.*

**IT IS SO ORDERED**.


_____
Judge Thomas M. Rose
United States District Court


/s/ Jennifer L. Branch
Jennifer L. Branch
Trial Attorney for Plaintiff


*s/ Keith Hansbrough*
Keith Hansbrough
Trial Attorney for Defendants

## APPENDIX A
## PLAINTIFF'S WITNESS LIST

|    | Witness | Expected Testimony |
|----|---------|--------------------|
| 1  | Matthew Snyder | Will testify to use of force and surrounding events. |
| 2  | Matthew Sears | Will testify to use of force and surrounding events. |
| 3  | Zachary Zink | Will testify to use of force and surrounding events. |
| 4  | Brandon Ort | Will testify to use of force and surrounding events. |
| 5  | Kyle Chmiel | Will testify to use of force and surrounding events. |
| 6  | David Cohn | Will testify to use of force and surrounding events. |
| 7  | Richard Whalen | Will testify to events leading up to use of force. |
| 8  | Jerrid Campbell | Will testify to events leading up to use of force |
| 9  | Jay Vitali | Will testify regarding Snyder's practices in jail. |
| 10 | Thomas Feehan | Will testify to surrounding events of use of force. |
| 11 | Eric Banks | Will testify to surrounding events of use of force, and Montgomery County customs and practices. |
| 12 | Gregory Mills | Will testify to surrounding events of use of force. |
| 13 | Scott Landis | Will testify to surrounding events of use of force, and the internal investigation. |
| 14 | Bryan Cavender | Will testify to internal investigation of use of force. |
| 15 | Phil Plummer | Will testify to custom and practices in Montgomery County Jail. |
| 16 | Dr. Jeremy Traylor | Will testify to causation of injuries. |
| 17 | Dr. Bethel Raore | Will testify to damages and causation of injuries. |
| 18 | Dr. Matthew Fox | Will testify to damages and causation of injuries. |
| 19 | Dr. Paul Gabriel | Will testify to causation of injuries. |
| 20 | Dr. Alan Waldman | Will testify to causation and extent of injuries. |
| 21 | Dr. Michael Pedoto | Will testify to medical appropriateness of lifecare plan. |
| 22 | Dr. Patricia Brock | Will testify to lifecare plan. |
| 23 | Dr. Radharani Gollamudi | Will testify to current medical condition of Plaintiff. |
| 24 | Angela Beech | Will testify to current medical condition of Plaintiff |
| 25 | Michael Berg | Will testify as expert in corrections on liability issues. |
| 26 | Joseph Guglielmo | Will testify to injuries, and the events to the extent he can. |
| 27 | Brandon Madison | Will testify to damages. |
| 28 | Jacquelin Guglielmo | Will testify to damages. |
| 29 | Nakira Hedges | Will testify to damages |
| 30 | Tony Mullock | Will testify to damages |
| 31 | Jacqueline Guglielmo | Will testify to damages |
| 32 | Louis Aponte | Will testify to damages |
| 33 | Jack Saunders | Will testify to damages |
| 34 | Kimo Scott | Will testify to causation of damages |
| 35 | Michael Beane | Will testify to causation of damages |
| 36 | Zachary Banks | Will testify to causation of damages |
| 37 | Kevin Morris | Will testify to causation of damages |

8

|  |  | Plaintiff reserves the right to re-order these witnesses to comply with the appearance schedule of witnesses and experts |
|---|---|---|

Case: 3:17-cv-00006-TMR-SLO Doc #: 165 Filed: 05/06/19 Page: 9 of 18  PAGEID #: 5204

**APPENDIX B**
**DEFENDANTS' WITNESS LIST**

| 1. | Matthew Snyder | Will testify to use of force and surrounding events. |
|---|---|---|
| 2. | Matthew Sears | Will testify to use of force and surrounding events. |
| 3. | Zachary Zink | Will testify to use of force and surrounding events. |
| 4. | Brandon Ort | Will testify to use of force and surrounding events. |
| 5. | Kyle Chmiel | Will testify to use of force and surrounding events. |
| 6. | David Cohn | Will testify to use of force and surrounding events. |
| 7. | Richard Whalen | Will testify to events leading up to use of force. |
| 8. | Jerrid Campbell | Will testify to events leading up to use of force |
| 9. | Jay Vitali | Will testify to events leading up to use of force. |
| 10. | Thomas Feehan | Will testify to surrounding events of use of force. |
| 11. | Eric Banks | Will testify to surrounding events of use of force |
| 12. | Gregory Mills | Will testify to surrounding events of use of force and provision of medical care. |
| 13. | Scott Landis | Will testify to surrounding events of use of force, and the internal investigation. |
| 14. | Bryan Cavender | Will testify to internal investigation of use of force. |
| 15. | Phil Plummer | Will testify to custom and practices in Montgomery County Jail. |
| 16. | Ransley Creech | Will testify to custom and practices in Montgomery County Jail |
| 17. | Doug Brannon | Will testify to relationship with Ransley Creech and Eric Banks |
| 18. | Kimo Scott | Will testify to prior altercation |
| 19. | Kevin Morris | Will testify to prior altercation |
| 20. | Benjamin Cooper | Will testify to use of force and surrounding events |
| 21. | Raymond Taylor | Will testify to provision of medical care |
| 22. | Tammy Pless | Will testify to provision of medical care |
| 23. | Anthony Jones | Will testify to provision of medical care and the custom and practices in Montgomery County Jail |
| 24. | Jack Saunders | Will testify to provision of medical care |
| 25. | Jeff Eiser | Will give expert testimony regarding use of force |
| 26. | David Axelrod | Will give expert testimony regarding life expectancy |
| 27. | Charles Lanzieri | Will give expert testimony regarding brain injuries |
| 28. | David Herring | Will give expert testimony regarding the real estate market in Florida |
| 29. | Craig Ruby | Will give expert testimony regarding physical therapy |
| 30. | Richard Clarke | Will give expert testimony regarding correctional medicine |
| 31. | Joseph Guglielmo | Will testify to use of force and damages. |
| 32. | Jacquelin Guglielmo | Will testify to damages |
| 33. | Dustin Daugherty | Will testify to prior altercation and arrest |
| 34. | Michael Beane | Will testify to prior altercation and arrest |
| 35. | Zachary Banks | Will testify to prior altercation and arrest |
| 36. | Jeremy Traylor | Will testify to prior head injury |
| 37. | Alan Waldman | Will testify to causation and mechanism of injury (subject to *Daubert* challenge) |
| 38. | | Defendants reserve the right to call all of Plaintiff's witnesses on rebuttal and reserve the right to re-order these witnesses to comply with the appearance schedule of witnesses and experts |

10

**APPENDIX D**
**JOINT EXHIBIT LIST**

| Number | Description | Deponent | Bates |
|---|---|---|---|
| JX1 | Video (Release Counter Cam 7, Transport Staging Cam 11, Transport Staging Cam 12, Post Book Cam 11, Dress in Hall Cam 1, Elevator Dress In Cam 2) | Snyder, Sears, Ort, Cohn, Zink, Mills | |
| JX2 | NaphCare Jail Medical Records | Mills, Saunders, Taylor, Jones, Pless | GB000042-57 |
| JX3 | Jail Line-Up 1st Watch 1/16/2015 | Snyder, Sears, Ort, Cohn, Cooper, Zink, Whalen, Vitali, Banks, Campbell, Feehan, Mills, Saunders, Taylor, Jones | MC-000164 |
| JX4 | Jail Line-Up 3rd Watch 1/15/2015 | Snyder, Sears, Ort, Cohn, Cooper, Zink, Whalen, Vitali, Banks, Campbell, Feehan, Mills, Saunders, Taylor, Jones | MC-000167 |
| JX5 | Policy—Security Control | Cooper, Snyder, Sears, Ort, Cohn, Zink, Whalen, Vitali, Banks, Campbell, Feehan | MC-000757-759 |
| JX6 | Incident Report No. 15-79 | Snyder, Sears, Cooper, Ort, Cohn, Zink, Mills, Saunders | GB 000028-000033 |
| JX7 | ISU Report No. 15-005 | Cavender, Snyder, Sears, Ort, Cohn, Feehan, Mills | MC000089-0000112 |
| JX8 | Policy-First Floor Supervision | Snyder, Cohn, Ort, Cooper, | MC0000846-0000848 |

11

| Number | Description | Deponent | Bates |
|---|---|---|---|
| | | Zink, Sears, Plummer | |
| JX9 | Policy-Special Management | Snyder, Cohn, Cooper, Ort, Zink, Sears, Plummer | MC000912-0000918 |
| JX10 | Policy-Use of Force | Snyder, Cohn, Cooper, Ort, Zink, Sears, Plummer | MC0000777-781 |
| JX11 | Policy-Security Equipment | Snyder, Cohn, Cooper, Ort, Zink, Sears, Plummer | MC0000772-776 |
| JX12 | C.O. Position Description | Snyder, Cohn, Cooper, Ort, Zink, Sears, Plummer | MC00055 |
| JX13 | Photo Injury at Arrest | Daugherty, Z. Banks, Beane | Depo Ex. 29 |
| JX14 | Photo Injury at Arrest Close-Up | Daugherty, Z. Banks, Beane | Depo Ex. 30 |
| JX15 | DPD Arrest Report | Daughtery, Z. Banks, Beane | Depo Ex. 36 |
| JX16 | DPD Injured Subject Report | Daugherty, Z. Banks, Beane | Depo Ex. 37 |
| JX17 | DPD Screenshot | Daugherty, Z. Banks, Beane | Depo Ex. 38 |
| JX18 | Photo-Cell | Snyder, Zink, Cohn, Cooper, Ort, Sears | Depo Ex. 42 |
| JX19 | Photo-Cell Bench | Snyder, Zink, Cohn, Cooper, Ort, Sears | Depo Ex. 43 |
| JX20 | View of Platform Window from Cell | Snyder, Zink, Cohn, Cooper, Ort, Sears, Plummer | Depo Ex. 44 |
| JX21 | Dayton Fire/EMS Run Report | | GB000058-000060 |
| JX22 | MCSO Use of Force Policy | Snyder, Zink, Cohn, Cooper, Ort, Sears, Plummer | MC001097-001117 |
| JX23 | Cell Movement Note in Tiburon System | Snyder, Zink, Cohn, Cooper, | Depo Ex. 68 |

12

| Number | Description | Deponent | Bates |
|---|---|---|---|
|  |  | Ort, Sears, Plummer, Whalen, Vitali |  |
| JX24 | Use of Force Report Incident 15-79 | Snyder | MC00001 |
| JX25 | NaphCare Medical Progress Notes | Mills, Saunders, Pless, Taylor, Jones | GB000055-56 |
| JX26 | Grandview ER Records | Traylor | GB000061-000085 |
| JX27 | Grandview Discharge Records | Traylor | GB000033-000037 |
| JX28 | Pless Note in Tiburon System | Pless | Pless Depo Ex 78 |
| JX29 | Medical Imaging from Miami Valley Hospital | Raore |  |
| JX30 | Miami Valley Medical Records | Raore | GB000086-0000259 |
| JX31 | Booking Slip |  | GB00000693 |
| JX32 | Computer Logs |  | MC004670-4726 |
| JX33 | Jail First Floor Plan |  | MC008181 |
| JX34 | ISU Signature Form | Plummer, Cavender, Landis, Snyder | MC4849 |

**APPENDIX E**
**PLAINTIFF'S EXHIBIT LIST**

| Number | Description | Bates |
|---|---|---|
| PX1 | Sears Cell Drawing | Depo. Ex. 3 |
| PX2 | Video (Cam 1, Cam 2, Cam 7, Cam 11 (4), Cam 12) | Depo. Ex. 4 (GB000783-789, 823-824) |
| PX3 | Sears Interview Transcript | Depo. Ex. 6 |
| PX4 | Sears – Oath | MC-000467 |
| PX5 | Sears Position Description | MC-000461 |
| PX6 | Cohn Drawing of Cell | Depo. Ex. 13 |
| PX7 | Cohn Transcript of Interview | Depo. Ex. 15 |
| PX8 | Zink Resignation Letter | MC-000542 |
| PX9 | Use of Force on Whitaker (5/29/2014) - Zink/Snyder | MC-004654-004669 |
| PX10 | Zink Drawing of Cell | Depo Ex. 20 |
| PX11 | Zink Performance Eval | MC-000558 |
| PX12 | Release of Info transfer to Fairborn | MC-000543 |
| PX13 | Ort Letter of Caution | MC-000207 |
| PX14 | Ort Drawing of Cell | Depo Ex. 24 |
| PX15 | Ort Interview Transcript | Depo Ex. 25 |
| PX16 | Use of Force Report - Middlebrook | MC-002910-002919 |
| PX17 | Incident Report - Jones | MC-002882-002885 |
| PX18 | Use of Force Report - Jones | MC-002888 |
| PX19 | Photo – neck brace at jail | Depo Ex. 31 |
| PX20 | Photo – jail injuries | Depo Ex. 32 |
| PX21 | Photo – hospital injuries | Depo Ex. 33 |
| PX22 | Photo – hospital injuries | Depo Ex. 34 |
| PX23 | Photo – Head injuries | Depo Ex. 35 |
| PX24 | Subpoena to Appear | Depo Ex. 39 |
| PX25 | Feehan Interview Transcript | Depo Ex. 40 |
| PX26 | Photo – Platform | Depo Ex. 45 |
| PX27 | Snyder Interview Transcript | Depo Ex. 47 |
| PX28 | Use of Force Incident Report – Hammad 11.13.13 | MC-003857-003858 |
| PX29 | Use of Force Incident Report – Hammad 2.11.14 | MC-004054-004057 |
| PX30 | Use of Force Incident Report – Rowe 3.5.14 | MC-004059-004060 |
| PX31 | Use of Force Incident Report – McIntosh 11.15.13 | MC0003860-003861 |
| PX32 | Snyder Oath of Office | MC-000328 |
| PX33 | Memo - Resignation of Sgt. Commission | MC-000233 |
| PX34 | Payroll Cut | MC-000232 |
| PX35 | Snyder EPIP – Balls in Crockpot | MC-000422 |
| PX36 | Letter of Reference – Wick | MC-000417 |
| PX37 | Letter of Reference – Woods | MC-000418 |
| PX38 | Job Application | MC-000404-000413 |
| PX39 | Performance Evaluation 1999 | MC-000294-000295 |
| PX40 | Performance Evaluation 2001 | MC-000278-000279 |

| Number | Description | Bates |
|---|---|---|
| PX41 | Performance Evaluation 2002 | MC-000276-000277 |
| PX42 | Performance Evaluation 2005 | MC-000270-000271 |
| PX43 | Performance Evaluation 2009 | MC-000262-000263 |
| PX44 | Performance Evaluation 2010 | MC-000260-000261 |
| PX45 | Performance Evaluation 2014 | MC-000248-000249 |
| PX46 | Performance Evaluation 2015 | MC-000244-000245 |
| PX47 | January 17, 2015 Roster | Depo Ex. 69 |
| PX48 | Landis Letter re Investigation | GB000351 |
| PX49 | Drawing of 1st Floor | Depo Ex. 73 |
| PX50 | Brain Surgery Operative Notes | GB000156-000158 |
| PX51 | Facial Reconstruction Operative Notes | GB000153-000154 |
| PX52 | Swink video | |
| PX53 | Nursing Home Karaoke Video | |
| PX54 | Nursing Home Photos | GB3297-3306 |
| PX55 | Photos of Guglielmo | GB1907-1914 |
| PX56 | Photos of Guglielmo | GB1680-1689 |
| PX57 | Policy - First Floor Supervision | MC-000846-848 |
| PX58 | Rule 1006 Chart of Summary of Excessive Force | |
| PX59 | Medical Billing Records | INSERT ALL BILLS |
| PX60 | Pristine Senior Living Records | GB000825-1123 |
| PX61 | Deltona Nursing Home Records | GB001690-1831 |
| PX62 | Deltona Nursing Home Records | GB001945-3041 |
| PX63 | Deltona Nursing Home Records | GB003307-3363 |
| PX64 | Deltona Nursing Home Records | GB003307-3363 |
| PX65 | Swink Public Record Responses | GB003138-3139 |
| PX66 | Video of TS 114 from Jail Tour | |
| PX67 | Video of Platform from Jail Tour | |
| PX68 | Cohn 2012 Performance Evaluation | MC-000034-35 |
| PX69 | ISU Information Sheet | MC-004849 |
| PX70 | Plummer ISU Finding Letter | GB000003 |
| PX71 | MC DOJ Letter | GB001679 |
| PX72 | Nursing Home Calendar of Events | GB001945 |
| PX73 | Photos of Guglielmo and Jail | GB000261-271 |
| PX74 | Miami Valley Hosp. Bills | GB000652-672 |
| PX75 | Radiology Physicians Bills | GB000673-678 |
| PX76 | Kettering Radiologist Bill | GB000649 |
| PX77 | Dayton Fire/EMS Bills | GB1832-1833 |
| PX78 | Deltona Nursing Home Billing | GB001124-1147 |
| PX79 | Deltona Nursing Home Billing | GB003131-3137 |
| PX80 | Counseling Source Bills | GB001834-1835 |
| PX81 | Wright State Physician Bills | GB001898-1906 |
| PX82 | Halifax Hospital Bills | GB003488-3504 |
| PX83 | Fish Memorial Bills | GB003505-3513 |
| PX84 | Counseling Source Records | GB001836-1897 |

| Number | Description | Bates |
|---|---|---|
| PX85 | Sycamore Hospital Records | GB001678-1693 |
| PX86 | Deltona Nursing Home Records | GB003142-3296 |
| PX87 | Orlando VA Records | GB003042-3112 |
| PX88 | Halifax Medical Center Records | GB00364-3487 |
| PX89 | Fish Memorial Hospital Records | MC-005329-6056 |
| PX90 | Grandview Medical Release | GB000033-37 |
| PX91 | Snyder Email 1/16/15 | GB000310 |
| PX92 | Snyder Email 1/17/15 | GB000311 |
| PX93 | Guglielmo Booking Photo | GB000319 |
| PX94 | Matt Sears Internal Interview | GB000777 |
| PX95 | David Cohn Internal Interview | GB000778 |
| PX96 | Brandon Ort Internal Interview | GB000779 |
| PX97 | Matt Snyder Internal Interview | GB000780 |
| PX98 | Thomas Feehan Internal Interview | GB000781 |
| PX99 | Greg Mills Internal Interview | GB000782 |
| PX100 | Campbell Employee Complaint Form | GB000813-820 |
| PX101 | Cohn Use of Force | MC-002623-2833 |
| PX102 | Cooper Use of Force | MC-002834-3034 |
| PX103 | Ort Use of Force | MC-003035-3317 |
| PX104 | Sears Use of Force | MC-003318-3439 |
| PX105 | Snyder Use of Force | MC-003440-4653 |
| PX106 | Zink Use of Force | MC-004654-4669 |
| PX107 | Policy – Transfer to Housing | MC-000875-879 |

**APPENDIX F**
**DEFENDANTS' EXHIBIT LIST**

| Number | Description | Bates |
|---|---|---|
| DX1 | Deposition of Anthony Jones taken February 20, 2018 | |
| DX2 | Deposition of Anthony Molock taken January 30, 2018 | |
| DX3 | Deposition of Eric Banks taken March 2, 2018 | |
| DX4 | Deposition of Eric Banks taken November 15, 2017 | |
| DX5 | Deposition of Radharani Gollamudi taken January 31, 2018. | |
| DX6 | Deposition of Greg Mills taken February 6, 2018. | |
| DX7 | Deposition of Dustin Daugherty taken January 8, 2018 | |
| DX8 | Deposition of Jack Saunders taken February 20, 2018 | |
| DX9 | Deposition of Jacqueline Guglielmo taken January 30, 2018 | |
| DX10 | Deposition of Jeremy Traylor taken February 21, 2018 | |
| DX11 | Deposition of Kevin Morris taken November 17, 2017 | |
| DX12 | Deposition of Kimo Scott taken November 15, 2017 | |
| DX13 | Deposition of Luis Aponte taken January 29, 2018 | |
| DX14 | Deposition of Brandon Madison taken November 27, 2017 | |
| DX15 | Deposition of Michael Beane taken January 9, 2018 | |
| DX16 | Deposition of Nakira Hedges taken February 26, 2018 | |
| DX17 | Deposition of Raymond Taylor taken February 7, 2018 | |
| DX18 | Deposition of Tammy Pless taken February 21, 2018 | |
| DX19 | Deposition of Zachary Banks taken January 10, 2018 | |
| DX20 | City of Dayton Police Department Documents pertaining to January 15, 2015 arrest of Joseph Guglielmo | GB 000631-0000643 |
| DX21 | Dayton Police Department Narrative of Injuries and Arrest of Joseph Guglielmo from January 15, 2015 | GB000001-000002; GB 0000644-0000645 |
| DX22 | Joseph Guglielmo January 15, 2015 Booking Photo into Montgomery County Jail | GB0000359 |
| DX23 | NaphCare Medical Records | GB0000042-000057; MC8181-8236 |
| DX24 | Booking Slip | GB0000769 |
| DX25 | Mugshot | GB0000693 |
| DX26 | Grandview Medical Records | MC4918-5046 |
| DX27 | Deposition of Michael Berg | |
| DX28 | Booking Record | MC000019 |
| DX29 | Prisoner Handbook Receipt | MC000022 |
| DX30 | Deposition of Alan Waldman | |
| DX31 | Deposition of Paul Gabriel | |
| DX32 | Deposition of Patricia Brock | |
| DX33 | Tiburon Screenshots | MC4670-4726 |
| DX34 | Montgomery County Jail Manual | MC705-1079 |
| DX35 | Montgomery County Sheriff's Office G.O.M. | MC1080-2091 |
| DX36 | NaphCare Contract | MC2092-2399 |
| DX37 | Employee Training Reports | MC2400-2429 |

| DX38 | Power DMS Screenshots of 2013 Phase 2 | MC2430 |
| DX39 | Training Calendars | MC2431-2599 |
| DX40 | Users Training History | MC2600-2622 |
| DX41 | Joseph Guglielmo Fish Memorial Hospital Records | MC5047-6225 |
| DX42 | 911 Call | GB000775-776 |
| DX43 | Deposition of Joseph Guglielmo | |
| DX44 | Deposition of Jacqueline Guglielmo-Molock | |
| DX45 | Grandview Medical Release | GB000033(b)-37 |
| DX47 | Orlando VA Medical Records | GB003042-003112; MC4850-4917 |
| DX48 | Halifax Hospital Records | GB3364-3487 |
| DX50 | Grandview Medical Release Paperwork | GB000770-774 |
| DX57 | Sycamore Hospital Records | GB0001678-001693 |
| DX58 | Dr. Melissa Whitmill Records | GB0001671-1677 |
| DX59 | Deltona NH Medical Records | GB1148-1670 |
| DX60 | Dayton Nursing Home Records | GB825-1123 |
| DX61 | Dayton Fire Dept. Billing | GB1832-1833 |