IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | | |
|---|---|---|
| JOSEPH GUGLIELMO | : | Case No. 3:17-cv-006 |
| Plaintiff, | : | |
| vs. | : | Judge Thomas M. Rose |
| | : | |
| MONTGOMERY COUNTY, OHIO | : | Magistrate Judge Ovington |
| and THE MONTGOMERY COUNTY | : | |
| BOARD OF COMMISSIONERS, et al., | : | **PLAINTIFF'S MOTION IN LIMINE TO** |
| | : | **EXCLUDE DETAILS OF PLAINTIFF'S** |
| Defendants. | : | **ARREST ON JANUARY 15, 2015** |

## MOTION

Pursuant to FRE 403 and 404, Plaintiff moves this Court to exclude from evidence any information about Mr. Guglielmo's arrest leading to his incarceration at Montgomery County Jail on January 15, 2015.

## MEMORANDUM

This civil rights case challenges Defendants' use of force against and failure to provide adequate medical treatment to Plaintiff Joseph Guglielmo on January 15, 2015. At issue is the use of force against Mr. Guglielmo at the jail, his treatment following the use of force, the extent of the injuries he suffered, and the County's liability as a municipality that ratified the unconstitutional conduct and had a custom of permitting excessive force. Because the facts of the underlying arrest are not relevant to this case, and because the facts would be unfairly prejudicial, that motion should be granted to exclude the facts concerning Mr. Guglielmo's underlying arrest.

**A. Under FRE 403, the Underlying Facts of Mr. Guglielmo's Arrest Should Be Excluded Because they are Unfairly Prejudicial.**

Presenting evidence of Mr. Guglielmo's arrest would invite the jury to make its decision on improper grounds and thus it should be excluded under Fed. R. Evid. 403 as unfairly prejudicial.  Federal Rule of Evidence 403 requires courts to exclude evidence that is otherwise relevant if the danger of unfair prejudice outweighs the probative value of the evidence.  Evidence is "unfairly prejudicial" if it is relied upon for other than its "legitimate probative force" and thus offers "an improper basis of decision."  *U.S. v. Gibbs*, 182 F.3d 408, 430 (6th Cir. 1999) (punctuation omitted).  Rule 403 excludes evidence "when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate."  *In re Air Crash Disaster*, 86 F.3d 498, 538 (6th Cir. 1996).  Details of Mr. Guglielmo's arrest should be excluded because they have no probative value in this case and because they are unfairly prejudicial.

Here, Plaintiff will stipulate that he was arrested at the homeless shelter and was later booked into the Montgomery County Jail.  However, the evidence of Mr. Guglielmo's arrest has very little to no probative value in this case.  Allowing the jury to hear about Mr. Guglielmo's interactions with police that day would offer to the jury an improper basis to weigh the merits of Mr. Guglielmo's case.  The jury may take Mr. Guglielmo's actions as signs of bad character instead of considering whether in this particular instance the use of force was reasonable under the totality of the circumstances known to the Defendants.

Because any potential probative value of the circumstances of Mr. Guglielmo's arrest is outweighed by the significant risk that a jury would consider it for an improper purpose, the evidence is inadmissible under Rule 403.

### B. Under FRE 404, the Underlying Facts of Mr. Guglielmo's Arrest Should Be Excluded Because It is Impermissible Character Evidence

Federal Rule of Evidence 404 (a) explicitly prohibits the use of evidence of a person's character or character trait to prove that a person acted in accordance with that character or trait on a particular occasion. The Advisory Committee Notes explain the reason for the strict limitation well:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Fed. R. Evid. 404, Adv. Comm. Notes 1972 Prop. R.  Likewise, Fed. R. Evid. 404 (b)(1) also prohibits the use of evidence of a crime, wrong, or other act for the purpose of proving a person's character in order to show that on a particular occasion the person acted in accordance with the character.  Evidence of a similar crime may be admissible if the proponent can articulate some other purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404 (b)(2).

Where the proponent does advance some other purpose for offering evidence of a prior crime under Rule 404 (b)(2), the Sixth Circuit has adopted a three step process for determining the admissibility of such evidence. *United States v. Gessa*, 971 F.2d 1257, 1261–62 (6th Cir. 1992) (en banc). "The first step requires the district court to decide whether there is sufficient evidence that the other act in question actually occurred. If so, the district court must decide whether the evidence of the other act is probative of a material issue other than character.  Finally, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002) (internal citations omitted).

3

Because Mr. Guglielmo's arrest and the facts of his conduct during the arrest are not probative of a material issue other than character, they should be excluded.  Where evidence of a plaintiff's conduct during an arrest has been admitted in excessive force cases, it has been where evidence of the arrest, conduct, and conviction were "part and parcel" of the incident at the heart of the § 1983 claim.  *Greene v. Distelhorst*, 116 F.3d 1480, *2-4 (6th Cir. 1997).  This is because "the circumstances surrounding [the] arrest were critical to the determination of whether the officers used excessive force in arresting [the plaintiff]." *Id*. *3.  *Greene* is fundamentally different from Mr. Guglielmo's situation.  He is not alleging excessive force *during* his arrest by arresting officers, but *after* his arrest by jailers, while incarcerated in the Montgomery County Jail.  Conduct during arrest is relevant to analyzing whether force used during arrest was excessive, but it is not relevant to a later, separate use of force.

Where prior criminal history has been admitted in consideration of a later use of force, it was specifically because it was known to the official at the time of the use of force and entered into the calculation of the risk the plaintiff posed and the amount of force reasonably justified.  *Bronzino v. Dunn*, 558 Fed.Appx. 613, 614 (6th Cir. 2014) (affirming denial of motion in limine where official knew criminal history and alleged it was relevant to reasonableness of force used); *Amerson v. Stechly*, No. 12-10375, 2015 WL 6436613, *2 (E.D. Mich. Oct. 22, 2015) (distinguishing *Greene* because official did not know about conviction at time of use of force).  That is not the case here.  Defendant Snyder did not know the circumstances of Mr. Guglielmo's arrest that day.  As a result, the circumstances of the underlying arrest are not relevant and must be excluded because they constitute impermissible character evidence.

4

## C. CONCLUSION

For these reasons, this Court should grant this motion and exclude testimony regarding the circumstances of Mr. Guglielmo's underlying arrest.

Respectfully submitted,

| | |
|---|---|
| Nathan J. Stuckey (0086789) | /s/ Jennifer L. Branch |
| Attorney for Plaintiff | Jennifer L. Branch (0038893) |
| The Stuckey Firm, LLC | Trial Attorney for Plaintiff |
| 735 N. Limestone Street | Alphonse A. Gerhardstein (0032053) |
| Springfield, Ohio 45503 | Gerhardstein & Branch, Co LPA |
| P: (937)346-8000 | 441 Vine Street, Suite 3400 |
| F: (937)717-0070 | Cincinnati, Ohio 45202 |
| nstuckey@legalspringfield.com | (513) 621-9100 |
| | Fax (513) 345-5543 |
| Douglas D. Brannon (0076603) | jbranch@gbfirm.com |
| BRANNON & ASSOCIATES | agerhardstein@gbfirm.com |
| 130 W. Second St.   Suite 900 | |
| Dayton, OH   45402 | |
| Telephone:   (937) 228-2306 | |
| Facsimile:   (937) 228-8475 | |
| E-Mail: dougbrannon@branlaw.com | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2018, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/s/Jennifer L. Branch<br>Attorney for Plaintiff