IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | | |
|---|---|---|
| JOSEPH GUGLIELMO | : | Case No. 3:17-cv-6 |
| Plaintiff, | : | |
| vs. | : | Judge Thomas M. Rose |
| | : | |
| MONTGOMERY COUNTY, OHIO | : | Magistrate Judge Ovington |
| and THE MONTGOMERY COUNTY | : | |
| BOARD OF COMMISSIONERS, et al., | : | **PLAINTIFF'S MOTION IN LIMINE TO** |
| | : | **EXCLUDE ALLEGATIONS AND** |
| Defendants. | : | **INNUENDO THAT WITNESS ERIC** |
| | : | **BANKS AND PLAINTIFF'S COUNSEL** |
| | : | **COMMITTED IMPROPER ACTS** |
| | : | **REGARDING THE SWINK VIDEO** |

## MOTION

Pursuant to FRE 402 and 403, Plaintiff moves this Court to exclude from evidence any allegations or innuendo that Witness Eric Banks and/or Plaintiff's counsel committed improper acts regarding the Swink video (RE. 79, Ex. B).

## MEMORANDUM

This civil rights case challenges Defendants' use of force against and failure to provide adequate medical treatment to Plaintiff Joseph Guglielmo on January 15, 2015.  In addition to claims against the individual Defendants, Plaintiff has alleged a claim of municipal liability against the County Defendant.  It was a part of this municipal liability claim that the Swink video was produced during discovery.  Plaintiff plans to use this evidence to show a pattern of excessive force by corrections officers in Montgomery County.

Under Federal Rules of Evidence Rule 402 and 403, relevant evidence is admissible unless provided otherwise by law and unless "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or endlessly presenting cumulative evidence." FRE R. 403. Thus, evidence will only be admissible if it is relevant. Here, allegations concerning the origin of the Swink video and/or the method by which the video was acquired is not relevant to the present case. (Order, RE 96, PageID#1667-71; Order overruling Objections, RE 155.) This has already been considered by the court and rejected. (Order, RE 96, PageID#1680; Order overruling Objections, RE 155.) Even if it were relevant, the relevance would plainly be outweighed by the risk of unfair prejudice and confusing the issues. Any allegations or innuendo regarding criminal or improper acts relating to the origin of the Swink video by Witness Eric Banks or any of Plaintiff's counsel should be excluded.

For this reason, this Court should grant this motion and exclude testimony regarding any allegations or innuendo made against Eric Banks or Plaintiff's counsel regarding the origin of the Swink video.

                                                Respectfully submitted,

| | |
|---|---|
| Nathan J. Stuckey (0086789) | /s/ Jennifer L. Branch |
| Attorney for Plaintiff | Jennifer L. Branch (0038893) |
| The Stuckey Firm, LLC | Trial Attorney for Plaintiff |
| 735 N. Limestone Street | Alphonse A. Gerhardstein (0032053) |
| Springfield, Ohio 45503 | Gerhardstein & Branch, Co LPA |
| P: (937)346-8000 | 441 Vine Street, Suite 3400 |
| F: (937)717-0070 | Cincinnati, Ohio 45202 |
| nstuckey@legalspringfield.com | (513) 621-9100 |
| | Fax (513) 345-5543 |
| Douglas D. Brannon (0076603) | jbranch@gbfirm.com |
| BRANNON & ASSOCIATES | agerhardstein@gbfirm.com |
| 130 W. Second St.    Suite 900 | |
| Dayton, OH   45402 | |
| Telephone:    (937) 228-2306 | |

Facsimile: (937) 228-8475
E-Mail: dougbrannon@branlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2018, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/s/Jennifer L. Branch
Attorney for Plaintiff