IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOSEPH GUGLIELMO, | ) | CASE NO. 3:17-cv-00006-TMR-SLO |
| | ) | |
| Plaintiff, | ) | JUDGE THOMAS M. ROSE |
| | ) | Magistrate Judge Sharon L. Ovington |
| v. | ) | |
| | ) | |
| MONTGOMERY COUNTY, OHIO and the | ) | |
| MONTGOMERY COUNTY BOARD OF | ) | **DEFENDANTS' MOTION IN LIMINE TO** |
| COMMISSIONERS, et al., | ) | **EXCLUDE PLAINTIFF'S EXHIBITS PX66** |
| | ) | **AND PX67** |
| Defendants. | ) | |
| | ) | |

Defendants, Montgomery County, Ohio and the Montgomery County Board of Commissioners, Sherriff Phil Plummer, Matthew Snyder, Zachary Zink, Matthew Sears, David Cohn, Brandon Ort, and Benjamin Cooper, by and through counsel, hereby move this honorable Court for an order in limine excluding Plaintiff's exhibits PX66 and PX67 as these are videos that Plaintiff's counsel took while on a tour of the jail facility.

These videos should be excluded as irrelevant, and as evidence not subject to cross-examination and impossible to authenticate since the video was created by Plaintiff's counsel. There will be no one to testify, besides counsel, to support when the video was made or how it was edited. Plaintiff presumably purports to show the interior of the jail and perhaps what it was that Sgt. Snyder and the other Defendants could see or hear while Mr. Guglielmo was banging on the cell door.

In *Bolstridge v. Central Main Power Co.*, 621 F. Supp. 1202, 1203 (U.S. ME 1985) citing *Szeliga v. General Motors Corp.*, 728 F.2d 566, 567 (1st Cir. 1984) the court found that the

admission of video evidence is left to the sounds discretion of the Court. The Court further noted that allowing videos edited by counsel is questionable because "always an edited tape necessarily raises issues as to every sequence portrayed and whether the event shown is fairly representational of fact, after the editing process, and whether it is unduly prejudicial because of the manner of presentation." Id.

An additional concern, as raised above, is losing the benefit of cross-examination. *Bannister v. Town of Noble*, 812 F.2d 1265, 1269 (10th Cir. 1987). Although the concerns of producing video evidence can be lessened when a witness can narrate the video and then that witness can be cross-examined, such testimony will not be available here. Defendants have not yet seen the portion of the videos to be submitted as exhibits, but it can be presumed that one aspect of the video will be a simulated "banging" as Defendants have alleged Mr. Guglielmo was doing before and after the use of force. Since counsel has made this video, they would need to be disqualified in order to properly authenticate the actions taken in this video. Without testimony by counsel to authenticate how the video was made and edited, the videos should not be admitted.

These exhibits, as well as any photographs of the jail included on Plaintiff's exhibit list are confidential pursuant to the stipulated protective order signed by Magistrate Ovington. ECF 43. If these exhibits are allowed to be used, it must be in accordance with the confidentiality requirements of that protective order. Finally, Defense counsel has scoured its records and does not see evidence that it ever received the videos that the Plaintiff's counsel took during their jail tour. As this evidence was not provided to counsel prior to the discovery cut-off it should be precluded from use at trial.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: /s/ *Jillian L. Dinehart*
KEITH HANSBROUGH (0072671)
JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone:  (216) 912-3809
Fax:  (216) 344-9006
Email:  kkhansbrough@mdwcg.com
            jldinehart@mdwcg.com
*Counsel for Defendants, Montgomery County, Ohio and the Montgomery County Board of Commissioners, Phil Plummer, Matthew Snyder, Zachary Zink, Matthew Sears, David Cohn, Brandon Ort, and Benjamin Cooper*

3

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 6, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                  MARSHALL DENNEHEY WARNER
                                  COLEMAN & GOGGIN

                                By: /s/ Jillian L. Dinehart
                                JILLIAN L. DINEHART (0086993)
                                *Counsel for Defendants, Montgomery County, Ohio*
                                *and the Montgomery County Board of*
                                *Commissioners, Phil Plummer, Matthew Snyder,*
                                *Zachary Zink, Matthew Sears, David Cohn,*
                                *Brandon Ort, and Benjamin Cooper*