**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **Joseph Guglielmo,** | : | **Case No. 3:17-cv-6** |
| | : | |
| **Plaintiff,** | : | **Judge Thomas M. Rose** |
| **v.** | : | |
| | : | **Magistrate Judge Sharon L. Ovington** |
| **Montgomery County, Ohio et al.,** | : | |
| | : | **PLAINTIFF'S REPLY TO** |
| **Defendants.** | : | **DEFENDANTS' MEMORANDUM IN** |
| | : | **OPPOSITION TO PLAINTIFF'S** |
| | : | **MOTION IN LIMINE TO EXCLUDE** |
| | : | **DETAILS OF PLAINTIFF'S** |
| | : | **ARREST ON JANUARY 15, 2015** |
| | : | **(Doc. 166)** |

Defendants plan to use details of Mr. Guglielmo's arrest prior to his admission to the jail and beating by Sgt. Snyder to show 1) causation of Mr. Guglielmo's head injuries; 2) impeachment of Mr. Guglielmo that he never used derogatory language; and 3) impeachment of Mr. Guglielmo that he never used violence on others.

Causation of injuries

The report of Dr. Lanzieri is Defendants' sole evidence that Mr. Guglielmo suffered a prior head wound during his arrest which caused his brain injuries. Plaintiff has moved to exclude Dr. Lanzieri's report and testimony. If Dr. Lanzieri's testimony is excluded, the circumstances of Mr. Guglielmo's arrest are irrelevant to any claim or defense in this case and should be excluded pursuant to Fed. R. Evid. 401and 402.

Defendants acknowledge that they cannot argue that any fall during Mr. Guglielmo's arrest caused his head injuries without evidence that the fall was the proximate cause of his injuries. Memo. In Opp. RE 180 (PageID#5329). Therefore, without evidence of proximate

1

cause of Mr. Guglielmo's head injuries, the evidence of his fall during his arrest would only

confuse and mislead the jury.  Fed. R. Evid. 403.  Therefore, any evidence of a prior head wound

that evening should be excluded.

<u>Impeachment for truthfulness of using derogatory words</u>

Mr. Guglielmo testified in his deposition that that prior to January 2015 he never used the

words "nigger" or "faggot."  Joseph Guglielmo Dep. (RE 104, PageID# 1735-36).  Defendants

have offered no evidence that would impeach his testimony that he did not use this word *prior to*

*January 2015*; the only evidence Defendants offer is that he used the word "nigger" during his

arrest on January 15, 2015.

```
24 Q. Sir, prior to January 2015, did you ever use
25 the word nigger?

1 A. No, neither of those words.
2 Q. Do you consider that word offensive?
3 A. Yes, very much so.
```

Joseph Guglielmo Dep. (RE 104, PageID# 1735-36) (Dep. 17:24-18:3).  Evidence that Mr.

Guglielmo allegedly used this word on January 15, 2015 does not impeach his testimony that he

did not use the word *prior* to January 2015.  More importantly, eliciting testimony from the

arresting officers that Mr. Guglielmo used the derogatory racial term is not relevant to any claim

or defense in this case and is therefore irrelevant and unfairly prejudicial as Plaintiff argues in his

motion in limine (RE 166).

Mr. Guglielmo also testified in his deposition that "prior to the year 2015" he never used

the word "faggot."

```
10 Q. Okay. Would you ever, prior -- strike that.
11 Prior to the year 2015, did you ever use the
12 word faggot?
13 A. No, I do not. I do not use that word. I
14 have quite a few friends that are gay, and I just don't
```

2

```
15 use that word.
16 Q. Do you consider that word offensive?
17 A. Yes, very.
```

Joseph Guglielmo Dep.  (RE 104, PageID# 1735) (Dep. 17:10-17).  Evidence that Mr. Guglielmo allegedly used the word faggot on January 15, 2015 does not impeach his testimony that he did not use the word *prior* to 2015.  Furthermore, no witness claims that during his arrest Mr. Guglielmo used the word faggot.  Only Defendant Snyder claims that Mr. Guglielmo used the word in a conversation they had the evening before Sgt. Snyder beat him.  Defendants argue that the details of Mr. Guglielmo's arrest – presumably his allegedly using the word "nigger" – "is probative as to why Sgt. Snyder entered the cell and why the word "faggot" was used by Sgt. Snyder while in the cell with Mr. Guglielmo."  (Memo in Opp. RE 180, PageID#5328-5329). This argument is nonsensical since Sgt. Snyder had no knowledge of the allegation that Mr. Guglielmo used the word "nigger" and there is no connection between using a racial epithet and a homophobic epithet.  Defendants do not dispute Plaintiff's relevancy, unfair prejudice, or prior bad acts arguments in Plaintiff's motion.  Defendants' attempt to introduce testimony that Mr. Guglielmo a racially derogatory word is merely an attempt to inflame the jury and unfairly prejudice the jury against Mr. Guglielmo.  Therefore, any testimony that Mr. Guglielmo allegedly using a racially derogatory term during his arrest should be excluded.

<u>Impeachment for truthfulness that Mr. Guglielmo never punched anyone</u>

Defendants seem to argue that they plan to introduce evidence that Mr. Guglielmo "used violence on others" (Memo in Opp. RE 180, PageID# 5327) and will use evidence of his arrest to establish this.  In order to get around the Fed. R. Evid. 404(b) prohibition against using prior bad acts, Defendants make a tortured argument that the evidence that he used violence at the time of this arrest will be used to impeach Mr. Guglielmo's propensity for truthfulness because in his

deposition he testified "he would never punch another." (*Id*. PageID#5328). It is hard to make

sense of this argument. Assuming that Defendants plan to elicit testimony from the arresting

officers that Mr. Guglielmo "used violence on others" (presumably the arresting officers), such

evidence cannot be used to impeach Mr. Guglielmo's character for truthfulness. In his

deposition, Mr. Guglielmo testified:

```
24 Q. Prior to 2015, had you ever punched anyone?
25 A. No.

1 Q. Prior to January of 2015, had you ever been
2 punched by anyone?

3 A. No.
```

Joseph Guglielmo Dep. (RE 104, PageID# 1734-1735) (Dep. 16:24-17:3). Evidence that Mr.

Guglielmo allegedly "used violence on others" on January 15, 2015 does not impeach his

testimony that he did not punch anyone *prior* to January 2015. Defendants do not dispute

Plaintiff's relevancy, unfair prejudice, or prior bad acts arguments in Plaintiff's motion.

Defendants' attempt to introduce evidence that Mr. Guglielmo used violence is a thinly veiled

attempt to use impermissible prior bad acts evidence in violation of Fed. R. Evid. 404(b) and

should be excluded.

Respectfully submitted,

| | |
|---|---|
| Nathan J. Stuckey (0086789) | /s/ Jennifer L. Branch |
| Attorney for Plaintiff | Jennifer L. Branch (0038893) |
| The Stuckey Firm, LLC | Trial Attorney for Plaintiff |
| 735 N. Limestone Street | Alphonse A. Gerhardstein (0032053) |
| Springfield, Ohio 45503 | Gerhardstein & Branch, Co LPA |
| P: (937)346-8000 | 441 Vine Street, Suite 3400 |
| F: (937)717-0070 | Cincinnati, Ohio 45202 |
| nstuckey@legalspringfield.com | (513) 621-9100 |
| | Fax (513) 345-5543 |
| Douglas D. Brannon (0076603) | jbranch@gbfirm.com |
| BRANNON & ASSOCIATES | agerhardstein@gbfirm.com |
| 130 W. Second St.　Suite 900 | |

Dayton, OH   45402
Telephone:     (937) 228-2306
Facsimile:      (937) 228-8475
E-Mail: dougbrannon@branlaw.com


**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2019, a copy of the foregoing pleading was filed

electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an

appearance by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.  I further certify that a copy of the foregoing pleading and the Notice

of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has

not yet entered an appearance electronically.

/s/Jennifer L. Branch
Attorney for Plaintiff