## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **Joseph Guglielmo,** | : | Case No. 3:17-cv-6 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| | : | Magistrate Judge Sharon L. Ovington |
| **Montgomery County, Ohio et al.,** | : | |
| | : | **PLAINTIFF'S REPLY TO** |
| Defendants. | : | **DEFENDANTS' MEMORANDUM IN** |
| | : | **OPPOSITION TO MOTION IN** |
| | : | **LIMINE TO EXCLUDE THE** |
| | : | **REPORT AND TESTIMONY OF** |
| | : | **CHARLES LANZIEREI (Doc. 167)** |

Plaintiff seeks to exclude the report and testimony of radiologist Dr. Lanzieri because his opinions are unfairly prejudicial because they will serve only to confuse the jury. First, it is still not clear what the purpose of Dr. Lanzieri's opinions are. Dr. Lanzieri did not opine which bleeding caused Mr. Guglielmo's damages; he only opines that multiple bleeding, as Defendants put it, "could be a cause of Plaintiff's injuries" (RE 181, PageID# 5334) or "could have caused symptoms at any time." (RE 181, PageID# 5335). Such possible causation testimony is not relevant because possibilities are not admissible. *See Colon v. Abbott Labs.*, 397 F. Supp. 2d 405, 414 (E.D.N.Y. 2005) (medical causation testimony excluded when expert could only say early exposure to cow's milk protein "may be" trigger for developing diabetes).

Defendants argue that Dr. Lanzieri opined that it is "just as probable that it was the older brain bleed that could have been the cause." (RE 181, PageID#5335). However, Dr. Lanzieri made no mention in his report that he had an opinion that an older brain bleed ***probably*** caused Mr. Guglielmo's injury. All Dr. Lanzieri stated was "In summary, there is a left subdural hematoma that contains blood of varying age as described above. Either of these collections

might have caused symptoms at any given time." (RE 167-1, PageID# 5228). This is not an opinion about the ***probability*** of the cause of Mr. Guglielmo's brain injuries.

Further, Dr. Lanzieri's opinion as to the age of the multiple brain bleeds is confusing and unhelpful to a jury. He reports that the readings on the one head CT scan that was taken hours after the beating at the jail "usually" showed various timeframes for the injury from "at least a week," "several hours or days but usually less than a week," "hours in age," and "months or even years to complete." Such opinions are useless to helping a jury determine the cause of Mr. Guglielmo's brain injuries and are therefore irrelevant. This court should exercise its gate-keeper function and keep out evidence that does not assist the trier of fact to understand a relevant issue. *Daubert v. Merrell Dow Pharmacuticals, Inc.*, 509 U.S. 579, 592 (1993).

Since Dr. Lanzieri's opinions are confusing and present merely possibilities of causation, Plaintiff respectfully requests that the Court grant Plaintiff's motion to exclude the report and testimony of Dr. Lanzierei.

Respectfully submitted,

| | |
|---|---|
| Nathan J. Stuckey (0086789) | /s/ Jennifer L. Branch |
| Attorney for Plaintiff | Jennifer L. Branch (0038893) |
| The Stuckey Firm, LLC | Trial Attorney for Plaintiff |
| 735 N. Limestone Street | Alphonse A. Gerhardstein (0032053) |
| Springfield, Ohio 45503 | Gerhardstein & Branch, Co LPA |
| P: (937)346-8000 | 441 Vine Street, Suite 3400 |
| F: (937)717-0070 | Cincinnati, Ohio 45202 |
| nstuckey@legalspringfield.com | (513) 621-9100 |
| | Fax (513) 345-5543 |
| Douglas D. Brannon (0076603) | jbranch@gbfirm.com |
| BRANNON & ASSOCIATES | agerhardstein@gbfirm.com |
| 130 W. Second St.    Suite 900 | |
| Dayton, OH   45402 | |
| Telephone:    (937) 228-2306 | |
| Facsimile:    (937) 228-8475 | |
| E-Mail: dougbrannon@branlaw.com | |

## CERTIFICATE OF SERVICE

    I hereby certify that on May 17, 2019 a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

                                          /s/Jennifer L. Branch
                                          Attorney for Plaintiff