**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **JOSEPH GUGLIELMO** | : | **Case No. 3:17-cv-6** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Judge Thomas M. Rose** |
| | : | |
| | : | |
| **MONTGOMERY COUNTY, OHIO and** | : | **PLAINTIFF'S MOTION TO CERTIFY** |
| **THE MONTGOMERY COUNTY** | : | **ANY DEFENDANTS' APPEAL AS** |
| **BOARD OF COMMISSIONERS, et al.,** | : | **FRIVOLOUS** |
| | : | |
| **Defendants.** | : | |

On May 28, 2019, this Court denied Defendants' Snyder, Zink, Sears, Ort, and

Montgomery County, Ohio's motion for summary judgment because material facts are in dispute

and Plaintiff presented sufficient facts from which a jury could find Defendant Snyder used

excessive force, Defendants Zink, Sears, Ort failed to intervene to stop the excessive force,

Defendant Snyder was deliberately indifferent for Mr. Guglielmo's medical needs, and

Montgomery County has a policy of using excessive force.  The jury trial that is scheduled to

take at least 2 weeks, is set to begin on  June 17, 2019.  Should any individual defendant file an

interlocutory appeal between now and the trial date, Plaintiff requests that this Court declare the

appeal(s) frivolous and preserve the trial dates.

### I.   <u>Introduction</u>

In 2015, Mr. Joseph Guglielmo was severely beaten at Montgomery County Jail.

Sergeant Matthew Snyder entered Mr. Guglielmo's cell for no legitimate reason and delivered

repeated blows to both the right and left sides of his head.  Corrections officers Zink, Sears and

Ort, watched the brutal assault and failed to intervene.  As a result, Mr. Guglielmo is

permanently paralyzed and resides at a nursing facility. These defendants were all denied summary judgment because material facts are in dispute.

## II. This Court Should Certify Defendants' Appeal as Frivolous, Preserve the Trial Date and Allow Defendants Time to Seek a Stay from the Court of Appeals.

An individual defendant can file an interlocutory appeal challenging the denial of summary judgment on qualified immunity grounds. *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) (*citing Mitchell v. Forsyth*, 472 U.S. 511 (1985)). Interlocutory appeals, however, "can be employed for the sole purpose of delaying trial." *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991). And, as a result, such appeals "could ossify civil rights litigation." *Id.* at 449 (*quoting Abel v. Miller*, 904 F.2d 394, 396 (7th Cir. 1990)).

Interlocutory appeals are "strictly curtailed by two limitations." *Rodriguez v. Cleveland*, No. 1:08–CV–1892, 2009 WL 1661942, at *2 (N.D. Ohio June 10, 2009). First, an appeal cannot be frivolous. *Id.* Second, an appeal must present issues of law, rather than questions of fact. *Id.* In this case, any interlocutory appeal filed by Defendants would be frivolous and predicated on questions of fact, rather than issues of law. Therefore, this Court should, in writing, certify Defendants' appeal as frivolous, preserve the trial date, and allow Defendants time to seek a stay from the Court of Appeals.

### A. Defendants' Interlocutory Appeal is Frivolous.

Defendants "cannot stop district court proceedings by simply asserting a frivolous interlocutory appeal." *Rodriguez*, 2009 WL 1661942, at *2. An appeal is considered frivolous "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." *McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016) (*citing Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cir. 2013)). A frivolous appeal does not present a justiciable question and is "readily recognizable as devoid of merit in that there is little prospect that it can

2

ever succeed." *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 676 (6th Cir. 1999) (*citing Black's Law Dictionary* (6th ed. 1990)). Courts are able to certify these appeals and move to trial regardless. *See Krycinski v. Packowski*, 556 F.Supp.2d 740, 741 (W.D. Mich. 2008) (stating that "a district court has discretion to retain jurisdiction over the federal claims and proceed to trial on them by making a finding of waiver or frivolousness with respect to the interlocutory appeal.")

An interlocutory appeal must involve "neat abstract issues of law" rather than questions of fact. *Rodriguez*, 2009 WL 1661942 at *2 (*citing Johnson v. Jones*, 515 U.S. 304, 317 (1995)). A defendant can only appeal a denial of summary judgment when "the issue on appeal is not what facts the parties may be able to prove, but whether the plaintiff's facts, taken at their best, show a violation of clearly established law." *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999). "[T]he refusal to concede factual questions to a plaintiff will typically doom a defendant's interlocutory appeal on qualified immunity." *Everson v. Lies*, 556 F.3d 484, 496 (6th Cir. 2009).

Courts in the Sixth Circuit have deemed some interlocutory appeals on qualified immunity to be frivolous. *See Robinson v. Borrow*, No. 1:11-CV-01609, 2012 WL 1004738 (N.D. Ohio Mar. 22, 2012). The defendants' interlocutory appeal in *Rodriguez* was frivolous because it did not "present non-frivolous, appealable questions of law." 2009 WL 1661942 at *3. Rather, the defendants' brief was "replete with references to disputed facts" and also "conflated alleged issues of law with plainly factual matters." *Id.* The defendants failed to link the alleged issues of law "to the ultimate question that the Sixth Circuit must decide on interlocutory review," which is whether their conduct violated clearly established law. *Id.* (*citing*

3

*Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). Therefore, the court granted the plaintiff's motion to deem defendant's appeal as frivolous.

Both city and county defendants' interlocutory appeals were frivolous in *Wheatt*, Nos. 1:17-CV-377, 1:17-CV-611, 2017 WL 6031816, at *11 (N.D. Ohio Dec. 6, 2017). The city defendants' appeal was frivolous because the city failed to raise qualified immunity as a defense. *Id.* Although the county defendants raised the defense of qualified immunity, the appeal was still frivolous because the county failed to accept the plaintiffs' version of the facts. *Id.* The court stated that the county's argument was "obviously and fundamentally the type of factual argument from which a defendant cannot take an interlocutory appeal." *Id.*

Any appeal by Defendants' would be frivolous in this case. There are no appealable questions of law for appeal. The only issue is whether Defendants' conduct violated clearly established law. This cannot be answered on appeal since there are disputed facts whether

1) Sgt. Snyder used excessive force, including the amount of force used; whether Guglielmo posed any threat of harm to anyone; how many times Snyder beat Guglielmo (four strikes or many times more); how long the beating lasted during the time Snyder was in the cell; the extent of Guglielmo's devastating injuries; whether Snyder limited the amount of force used or provoked a violent encounter to punish Guglielmo; whether Guglielmo posed a security problem and to what extent; whether Snyder reasonably perceived a threat from Guglielmo given that the other officers did not assist Snyder; and whether Guglielmo was resisting;

2) whether officers Sears, Zink and Ort failed to intervene, including whether Mr. Guglielmo was severely beaten; how long Defendants observed the excessive force; and their ability to physical stop Snyder to verbally command him to leave Guglielmo alone;

3) whether Sgt. Snyder was deliberately indifferent to Guglielmo's serious medical need, including whether Guglielmo had a serious medical need; how Severely Guglielmo was beaten by Snyder; whether there was circumstantial evidence to infer that Sgt. Snyder knew Guglielmo was at risk of harm from the injuries he received during the beating; and whether St. Snyder disregarded that risk of harm by delaying medical treatment; and

4) whether the County has a policy or custom of using excessive force on jail inmates, including whether Sgt. Snyder used excessive force; whether Sgt. Snyder in his one and a half years working at the jail used excessive force 29 of 31 times he used force; whether the County tacitly approved a pattern of using excessive force on jail inmates; and whether has the County disciplined Snyder for prior use of excessive force Snyder would not have used excessive force on Guglielmo.

**B. <u>Defendants' Appeal Should be Certified as Frivolous and the Trial Date Should be Preserved.</u>**

The Sixth Circuit has acknowledged that, although a district court does not have the authority to dismiss a defendant's notice of appeal entirely, district courts "may have jurisdiction to certify an interlocutory appeal from the denial of qualified immunity as frivolous." *Dickerson*, 27 F.3d at 252 (*citing Yates*, 941 F.2d at 444). Courts in the Sixth Circuit have certified qualified immunity appeals as frivolous and proceeded with trial. *See Rodriguez*, 2009 WL 1661942 (granting plaintiff's motion to preserve trial date where the appeal was frivolous); *Wheatt*, 2017 WL 6031816 (declining to stay the trial pending appeal because the interlocutory appeals were frivolous). This practice was cited approvingly by the Supreme Court in *Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996). The Court in *Behrens* stated that the practice, "which has been embraced by several Circuits, enables the district court to retain jurisdiction pending summary

disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings." *Id.* (*citing Yates*, 941 F.2d at 448-449).

Other circuits have granted district courts the authority to proceed to trial when there is a frivolous interlocutory appeal. *See Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989); *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992); *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990). The court in *Apostol* stated that although the interlocutory appeals process "protects the interests of defendants claiming qualified immunity, it may injure the legitimate interests of other litigants and the judicial system." *Apostol*, 870 F.2d at 1338. Therefore, the Seventh Circuit established that district courts may certify an appeal of qualified immunity as frivolous and proceed with the trial. The Seventh Circuit did implement a safeguard for defendants seeking an appeal by requiring that the district court "allow the aggrieved party time to seek a stay from the appellate court." *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006).

Likewise, the Ninth and Tenth Circuits have set forth similar standards. The Ninth Circuit recognized that an interlocutory appeal "could significantly disrupt and delay trial court proceedings." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (*citing United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)). Thus, the court in *Chuman* stated that:

> Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial. In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal.

*Id.* Similarly, the Tenth Circuit addressed the issue in *Stewart* where the court identified that "an interlocutory appeal disrupts ongoing proceedings." 915 F.2d at 576-77. The court stated that when a notice of appeal on qualified immunity is filed, the district court loses jurisdiction. *Id.* at

577.  However, when the appeal is frivolous, the district court may take "the affirmative step of certifying the appeal" to regain jurisdiction and proceed with trial.  *Id.* at 577-578.

Defendants' appeal on qualified immunity is predicated on questions of fact, rather than issues of law, thus, this Court should certify the appeal as frivolous and preserve the trial date.

## C.  <u>Defendants Should be Allowed Reasonable Time to Seek a Stay from the Court of Appeals.</u>

When a district court certifies an appeal as frivolous and proceeds to trial, the district court may also allow the defendant time to seek a stay from the appellate court.  *See Blue Cross & Blue Shield Ass'n*, 467 F.3d at 637.  While there is no set time for the Court to allow Defendants to seek a stay if the Court grants this motion, Plaintiff suggests the outer limit of time to seek a stay should be ten days from the filing of this motion.  There is no timing requirement for seeking this type of stay.  Fed. R. App. Proc. 8.  However, the ten day time limit to file an interlocutory appeal from a certification by the district court pursuant to 28 U.S.C.A. § 1292(b) is an analogous time frame.

This Court should allow Defendants a reasonable time to seek a stay from the Court of Appeals if this Court grants this motion and certifies any appeal as frivolous and the trial date preserved.  Allowing the Defendants time to seek a stay adequately balances the interests of both parties and favors judicial efficiency and fairness.

## III.  <u>CONCLUSION</u>

When a defendant's appeal of summary judgment on qualified immunity is predicated on questions of fact, rather than issues of law, the Court of Appeals has no jurisdiction to hear the appeal.  That is the case here.  Mr. Guglielmo should not be burdened by a frivolous appeal that will cause undue delay and continued anguish for him and his family.  Therefore, Defendants'

appeal should be certified as frivolous, the trial date should be preserved, and Defendants should be given reasonable time to seek a stay from the Court of Appeals.

Respectfully submitted,

Nathan J. Stuckey (0086789)
Attorney for Plaintiff
The Stuckey Firm, LLC
735 N. Limestone Street
Springfield, Ohio 45503
P: (937)346-8000
F: (937)717-0070
nstuckey@legalspringfield.com

Douglas D. Brannon (0076603)
BRANNON & ASSOCIATES
130 W. Second St.    Suite 900
Dayton, OH   45402
Telephone:   (937) 228-2306
Facsimile:    (937) 228-8475
E-Mail: dougbrannon@branlaw.com

/s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Gerhardstein & Branch, Co LPA
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
(513) 621-9100
Fax (513) 345-5543
jbranch@gbfirm.com
agerhardstein@gbfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2019,  a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/s/Jennifer L. Branch
Attorney for Plaintiff

8